## The Watertown Fire Insurance Co. *versus* Simons.

1. One of the objects of the Act of Assembly requiring soliciting agents or surveyors of insurance companies, doing business in this state, to have a certificate of authority to act from the insurance commissioner, is the protection of the people against worthless foreign insurance companies, and as the insured is not required to see that the laws have been observed, before making a contract of insurance, there is no reason founded on public policy that will enable a company which has violated our laws in making a contract and received its consideration from an innocent citizen, to escape liability for non-performance, by setting up its own turpitude.

2. An insurance contract is fair and reasonable when it expresses that representations affecting the risk are warranted, and if its meaning is doubtful, a court will not construe the language so as to avoid the policy for trifling and immaterial matters which neither party probably considered at the making of the contract.

3. If the insured is the absolute owner of the property destroyed a dry trust of the legal title in another will not prevent a recovery.

November 27th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ. STERRETT and GREEN, JJ., absent.

Error to the Court of Common Pleas of *Crawford county:* Of October and November Term 1879, No. 178.

Debt by John W. Simons against the Watertown Fire Insurance Company.

On the 14th day of September 1876, the Watertown Fire Insurance Company issued a policy of insurance to John W. Simons on a farm-house and a barn and contents in Crawford county, Pa., for the sum of $1900, for the term of three years from that date. In the policy the house was insured for $1400. The policy was written and countersigned by E. J. Smith, agent of the company at Williamsfield in Ohio, duly constituted and appointed agent according to the laws of the state of Ohio. The application upon which the policy was issued was taken and written by E. D. Cole, a sub-agent under Smith, and countersigned by Smith as

[*Watertown Fire Ins. Co. v. Simons.*]

agent and Cole sub-agent. The company alleged that in the application for this insurance the assured stated that his house was a two-story frame dwelling-house worth $2000; that it was thirteen years old; that the dimensions given were 20x25 feet for the main building, west wing 16x16 feet, east wing 14x25 feet, and that the absolute ownership of the property was in him; that upon these representations and statements the company was induced to insure the house for the sum of $1400, about two-thirds of the valuation; that by the terms of the policy the application was made part of the contract, and all the statements and representations therein made were taken and deemed warranties on the part of the assured. On November 22d 1877, the house was burned. The company having heard of the loss, Henry Kraber, the state agent, called upon Simons to ascertain the facts concerning the fire. From Simons he took a sworn statement, wherein, as defendant alleged, the company learned for the first time that the larger part of the house was only one story, and a low story at that, one wing being only eight feet in height, and the other nine feet, and the main building a story and a half; that it was also ascertained by Simons's estimate, that the property had been largely over-valued, he estimating the building in his statement at $1000, when in the application it had been estimated at $2000; that the further discovery was made that the building, instead of being thirteen years old, as stated in the application, was some twenty-one years old at least. It also was alleged that the title was in his wife, and that Simons's interest was at most an equitable one, the legal title being vested in his wife. Other facts will be found stated in the opinion of this court.

At the trial before Church, P. J., the defendant submitted the following points, to which are appended the answers of the court.

1. That Cole, who solicited the risk and filled up the application for insurance upon the property alleged to be the property of Simons—which application forms part of the contract sued upon in this case—was not an agent of the Watertown Fire Insurance Company, nor authorized by said company, nor by the laws of this state, to act as such agent to solicit risks or do any business whatsoever for or to bind the said company; and that in filling up of said application so far as the company is concerned, he acted solely and only as the agent of Simons, and that the statements and representations therein made are to be taken as the statements and representations of Simons.

Ans. "That we refuse to answer as requested. E. D. Cole was sub-agent of Smith, who was the agent at Williamsfield, Ohio. This policy seems to have been dated, so far as we can see, at Williamsfield, Ohio, which is right across the state line from Shenango township, where this property was situated. The Act of

[Watertown Fire Ins. Co. *v.* Simons.]

1876 is not applicable to a case of this kind; and if it was, it is not in this case, because neither Cole nor Smith were agents or sub-agents in the state of Pennsylvania. They were agents in Ohio."

3. That the application being referred to in the policy, and by the express words of the policy made part thereof, and the policy in a subsequent clause thereof, providing that all statements and representations contained therein should be taken and deemed to be warranties on the part of the insured, all the representations contained in the application were thereby made warranties on the part of Simons; and the said representations so made warranties must be literally and strictly true, whether material or immaterial, or the plaintiff cannot recover.

Ans. " Affirmed, if the representations were material."

4. That the valuation of the dwelling-house, as set forth in the application at the sum of $2000, was a representation or statement of the actual value, which, according to the terms of the contract, was made a warranty on the part of the assured, and if the jury find from the testimony of Simons himself, and his sworn statement in his proof of loss, that it was worth only $1000, this over-valuation was a breach of the warranty, and the plaintiff cannot recover in this case.

Ans. " We refuse that as not being warranted by the evidence; and the jury will judge of the evidence given in court, and in the proof of loss, as to contrary statements the plaintiff may have made at different times."

5. That by the terms of the contract, as set forth in the policy, it is provided that if the interest of the assured in the property be any other than the entire unconditional and sole ownership at the time of effecting the insurance, and be not so stated to the company and so expressed in the application, and if the jury believe from the evidence that the title to the premises was not, at the time of effecting the insurance, in the plaintiff, and that he was not the unconditional and sole owner thereof, this misrepresentation was a breach of the warranty, and avoids the policy, and the plaintiff cannot recover in this case.

Ans. " Affirmed."

6. That there is no sufficient evidence of the title of Simons to the premises upon which the dwelling described in the policy was erected, and that he having represented in his contract that he was the entire, unconditional and sole owner of the premises, such statement was a condition precedent, and is to be deemed a warranty, and in the absence of proof of his title to the premises, there was a breach of said warranty and condition precedent, such as avoids the policy, and the verdict of the jury should be for the defendant.

[Watertown Fire Ins. Co. v. Simons.]

. Ans. " That we answer in the negative ; as to some of the statements we answer in the affirmative, as an abstract proposition." .

7. There is no evidence that immediate notice of the loss was communicated to the company, according to the requirements of the policy, and if notice was given to either Cole or Smith, they, under the laws of this state, were not agents of the company in the state of Pennsylvania, not having been licensed by the said state as insurance brokers. Notice to them, if any there was, was not notice to the company, and no notice of the said loss having been communicated by the plaintiff, or any one for him, for more than twenty days after the fire, such notice, if any, was too late, and the plaintiff cannot recover.

Ans. " Refused."

8. That the giving notice to the company in accordance with the requirements of the policy and proof thereof, is a condition precedent to the plaintiffs' recovery [and no such notice or proof having been shown in this case, the plaintiff cannot recover.]

Ans. " The first portion of tbe point we affirm. The portion in brackets we refuse."

9. That when the contract of insurance required that the insured should give the company immediate notice of any loss that occurred, and which was annexed as a condition to the policy, notice given of the loss twenty days after it occurred, as in this case, was too late, when no sufficient excuse was shown for the delay, and that if the evidence shows that twenty days had elapsed before giving the required notice, such notice was too late, and the plaintiff cannot recover.

Ans. " Affirmed as an abstract statement. The evidence does not show the fact as alleged. We will submit to you as to whether the notice was given as testified by Smith and Simons himself."

11. If the court should be of opinion and should so find the points submitted, that Cole, in the filling up of the application, acted as the agent of the company, and not of the assured, and that the statements and misrepresentations contained in the application, to the effect that the building was a two-story building, when, by the sworn statement of the plaintiff, it was not a two-story building; that the value of said building was $2000, when, by said affidavit, it is only $1000 ; that the building was then ten years old, and by said affidavit it is twenty-one years old, and by the evidence in this case, much older than that, that he was the owner of said premises, when, in fact, his wife was the owner thereof, and that all these misrepresentations were therefore of no binding force against Simons, the court is, nevertheless, requested to charge the jury that the existence of these facts were matters which he, by the policy, was bound to disclose, and his failure to disclose them to the company at the time of effecting the insur-

[Watertown Fire Ins. Co. *v.* Simons.]

ance rendered the policy null and void, and further, that these statements by the terms of the policy and application, were warranties, and that the knowledge of said agent that these statements were not true, will not avail against a warranty, and that the materiality of the thing warranted to the risk is of no consequence. Compliance with it is a condition precedent to any recovery on the contract, and the plaintiff cannot recover.

Ans. "We decline to charge you as requested. It has been sufficiently covered. The allegation on the part of the defendant's counsel has been fully answered in other points and in our general charge."

12. That in no event can the plaintiff in this case recover more than two-thirds of the value of the property, that being all allowed by the contract, and if the jury believes the sworn statement of the plaintiff, that the value was $1000, the plaintiff can in no case recover more than two-thirds of that sum.

Ans. "We say to you that the plaintiff is entitled to recover the loss of two-thirds the value of the property, as found by you under the evidence. It is alleged that $1400 is two-thirds the value; that is for you. If you believe the theory of the plaintiff's case as developed by the evidence as contradistinguished from the theory of the defendant, your verdict will be for the plaintiff. If not, it will be for the defendant."

In the general charge the court, inter alia, said : "It is alleged that this is a story and a half building instead of a two-story frame building. That is a misdescription not warranted on the part of the insured ; and if you find it to be untrue, the defendants are not liable on this policy of insurance. The evidence of what kind of a building it was is for you. It is described as a two-story frame dwelling-house, and Simons certifies upon the stand that it was ; but that in the upper story the studding was not as tall as in the lower story. What constitutes a two-story building may or may not be important in this case. If you believe the evidence of John W. Simons, it was a two-story building. * * *

"The sworn statement of loss in this case is not evidence except it is used as a sworn statement to show that at some other time and under some other circumstances he told another story from what he told you. * * * The defendants called the attention of the court and jury to this point of it (statement of loss.) 'Deponent offered sixty-three acres for $3500 before the house was burned, and places the value of that property now at $2500.' These words are an interlineation. When or under what circumstances they were interlined we do not know."

Verdict for plaintiff for $1579, and after judgment thereon defendant took this writ, and alleged that the court erred in their answers to the first, third, fourth, sixth, seventh, eighth, ninth,

eleventh and twelfth points and in the portions of the charge noted above.

*F. P. Ray*, for plaintiff in error.—Cole could not legally act as a soliciting agent or surveyor for this company, he having no certificate of authority so to act from the insurance commissioner: 44th section Act of May 1st 1876, Pamph. L. 65; Act of April 11th 1868, Pamph. L. 831, sect. 10. Smith and he could not be agents of the company because contrary to public policy. Whatever plaintiff represented in his application he is bound to make good before he can resort to the defendants on the policy : Insurance Co. *v.* Arthur, 6 Casey 315; Cooper *v.* Insurance Co., 14 Wright 305; Gottsman *v.* Insurance Co., 6 P. F. Smith 212 ; Eilenberger *v.* Insurance Co., 8 Norris 464. The representations as to the age of the house and the number of the stories were certainly material.

*Bole & Frey*, for defendant in error.—If this foreign insurance company solicited risks in this state through agents not authorized by our statutes to act, and thereby enriched themselves, we know of no rule of law or decision of our courts that would enable them to set up their own violation of law as a ground of defence. Where the agent of the insurance company examines the premises and makes out the description, the representations of the assured are wholly immaterial, unless he in bad faith withholds information of a fact tending to increase the risk : Cumberland Valley Mutual Protection Co. *v.* Schell, 5 Casey 31. Again under the express conditions of the policy in question only erroneous representations materially affecting the risk avoided the policy. The testimony fully established the fact that notice of the loss was immediately given to the agent of the company, and that the agent at once informed the company.

Mr. Justice TRUNKEY delivered the opinion of the court, January 5th 1880.

Smith testifies that in 1872 he was employed by the company's state agent in Ohio, to take risks in Pennsylvania ; that soon after he employed Cole to solicit applications, which were signed by himself and by Cole as sub-agent or surveyor ; that he wrote and countersigned the policies on said applications; that a copy of each was sent to the company, and in that way they had notice of such sub-agency ; and that soon after the loss of Simons's property he received orders to discharge Cole. Simons's application was signed " E. J. Smith, agent, by E. D. Cole, sub-agent." The evidence is ample that, in fact, the agency of Smith and sub-agency of Cole were recognised by the company. They were located and resided in Ohio, the company was chartered and located in New York.

[Watertown Fire Ins. Co. v. Simons.]

The company, defendants below, contend that Smith and Cole were not their agents, and cannot be so considered, because the laws of Pennsylvania, relative to foreign insurance companies, had not been observed by the company nor their said agents. That Simons knew the company and their agents were violating the laws, is not pretended; nor is it alleged the contract, aside from the statutory prohibition, was immoral. One of the objects of the statutes is protection of the people against worthless foreign companies, and as the insured is not required to see that the laws have been observed, before making a contract, we discover no reason, founded on public policy, which will enable a solvent foreign company, which has violated our laws in making a contract and receiving its consideration from an innocent citizen, to escape liability for non-performance, by setting up its own turpitude. Such defence will not avail for merit of him who pleads it. Against an innocent party, " no man shall set up his own iniquity as a defence any more than as a cause of action." The defendants' first point was rightly refused.

Complaint is made of the answer to defendants' third point, which was " affirmed if representations were material." The paper signed by the applicant contains no warranty, but in the policy " it is covenanted as a condition of this contract that all statements and representations contained in any written or verbal application, survey, plan or description of the property herein insured, shall be taken and deemed warranties on the part of the assured." In a preceding paragraph it is stipulated that " if the assured, in the written or verbal application for insurance, makes an erroneous representation materially affecting the risk, or omits to make known any fact material to the risk, * * * this policy shall be null and void." These covenants both are of representations in " the written or verbal application," and the common understanding would be that the warranty was of all representations material to the risk. Certainly a contract is fair and reasonable when it expresses that representations affecting the risk are warranted; and, if its meaning were doubtful, a court will not construe the language so as to avoid the policy for trifling and immaterial matters which neither party probably considered at the making of the contract. The learned judge held that the warranties in this policy related to material representations, and in this there is no error. This case is not ruled by Cooper v. Farmers' M. F. Ins. Co., 14 Wright 305, and other kindred cases, where the warranties were unqualified, and neither court nor jury could inquire of the materiality of the representations, but merely if the warranties were broken.

The defendants' fourth point was carefully worded so as to confine the jury to the testimony of John W. Simons and his sworn statement in the proof of loss, in arriving at the value of the house —another witness said it was worth $1500 or $1600 at least. We

think the answer and remarks in the charge fairly submitted the question of value to the jury.

There was sufficient evidence of Simons's ownership of the land —if he was the absolute owner, a dry trust of the legal title in another, was of no consequence. The unqualified affirmance of defendants' fifth point and the remarks on same subject in the charge, leave no cause for complaint of the instructions respecting the title.

In pursuance of an arrangement, made on the second day after the fire, between Simons and Smith, the defendants' agent, the latter immediately notified the company of the loss, and they sent Kraber, an adjuster, to the premises, who wrote the proofs of loss which were signed and sworn to by Simons, produced at the trial, and given in evidence without objection. With testimony of these facts before the jury, there was no error in the answers to defendants' seventh, eighth and ninth points.

The eleventh point was so constructed that it was rightly refused; and the twelfth was well answered in the charge where the question of value was discussed and submitted. Those parts of the charge assigned as erroneous, in their appropriate place, with the contract, could not have misled the jury. They were told if the house was a story and a half instead of a two-story building, there was a misdescription on part of the plaintiff, and defendants were not liable on the policy. Simons testified he would " consider it a two-story house; some considered it a story and a half house." " The building was two stories, and the wings one story." It is a mistake to say there was no evidence that it was a two-story building.

In examination of this case we note that the fire was but little more than two months after the date of the policy; that the defendants called no witness to prove the value of the house at the date of insurance, or loss; nor did they to rebut any part of the plaintiff's testimony respecting the contract, notice or proofs of loss; that they relied almost entirely on the statements of value of the land, before and after the fire, set forth in the proofs of loss, which were written by the defendants' agent and adjuster; and that said proofs do not directly state the value of the house, but say " deponent has no value of the said house or what it would take to build a new one." A considerable part of the proofs could not be read by the plaintiff, nor the justice before whom he was sworn. Erasures and interlineations were noted at the foot without stating what they were. Instructions to the jury in every case should be with some reference to the state of the evidence before them. We are not convinced of any error, having reference to the evidence which requires this cause to be sent back for another trial.

Judgment affirmed.