## Commonwealth *v.* F. L. Hammer, Appellant.

*Criminal law—Representing foreign insurance company—Act of* 1893.

The fact that a person represents himself as the agent of an insurance company of another state, which has not complied with the laws of this state, as an adjuster of that company and does adjust and pay certain claims due by such company, does not make him guilty of a misdemeanor within the meaning of the Act of May 10, 1893, P. L. 38.

The object of the act was to prohibit one advertising himself as agent, etc., in some unauthorized matter which the law prohibited the company or an insurance agent to do; the payment or adjustment of a loss is not such prohibited matter.

Argued Jan. 17, 1899. Appeal, No. 40, Jan. T., 1899, by defendant, from sentence of Q. S. Lackawanna Co., Oct. Sess., 1898, No. 467, on verdict of guilty. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. D. PORTER and BEEBER, JJ. Reversed. Opinion by RICE, P. J.

Prosecution for acting and advertising and representing himself as agent for an unlicensed foreign insurance company. Before GUNSTER, J.

It appears from the record that defendant was arrested charged with the violation of the acts of 1873, 1887 and 1893; at the trial of the case the court withdrew from the consideration of the jury everything except the third count of the indictment, which the district attorney claimed was framed under the provisions of the Act of May 10, 1893, P. L. 38. The third count is as follows:

And the grand inquest aforesaid, upon their respective oaths and affirmation aforesaid, do further present that the said F. L. Hammer afterwards, to wit: on the same day and year afore-

said at the county aforesaid, and within the jurisdiction of this court, unlawfully and wilfully did represent himself by posters, circular letter and in divers other ways to divers persons whose names are unknown to this grand inquest, to be the agent, representative and adjuster of that certain life insurance company, and association of another state and government, to wit: the Old Wayne Mutual Life Association of Indianapolis, in the state of Indiana, a body corporated of the said state of Indiana, said insurance company not having then and there procured and obtained a certificate of authority from the insurance commissioner of the commonwealth of Pennsylvania to transact an insurance business within the said commonwealth, and said insurance company then and there not having complied with the laws of the said commonwealth, in respect to foreign insurance companies, contrary to the form of the act of the general assembly in such case made and provided, and against the peace and dignity of the commonwealth of Pennsylvania.

Counsel for defendant objected to all testimony offered on behalf of the commonwealth as only tending to show that the defendant had acted as adjuster, and sent a letter, and made statements, to that effect, on the ground that the evidence did not show any violation of the act of 1893 on the part of the defendant. A request for binding instructions on behalf of defendant was also presented but refused by the court. The jury returned a verdict of guilty of a violation of the act of 1893, sentence was imposed upon the defendant by the court, and from this sentence this appeal was taken.

*Errors assigned* among others were (1) refusal of binding instructions for defendant. (2) In answer to defendant's second point, which point and answer were as follows : " 2. That if the jury find from the evidence in the case that the defendant did not quote rates, or solicit insurance, or receive premiums, or forward the same, or perform any of the duties of an insurance agent, but that the defendant's action was confined wholly to adjusting claims under policies of insurance which had been previously issued through other persons who were acting as soliciting agents for the Old Wayne Mutual Life Association, there can be no conviction in this case. *Answer :* I decline to

affirm that proposition in the form in which it is written. Of course if you should fail to find that he represented himself as any kind of an agent of an incorporated insurance company, then he cannot be convicted—that is the charge against him, that he represented himself as an agent—that he did not represent himself as such, then he cannot be convicted. (3) In answer to third point presented by defendant, which point and answer were as follows : " 3. In other words, if the jury find that F. L. Hammer was sent on by the Old Wayne Mutual Life Association as its adjuster to settle up and close up claims which had been made against the company, and that he simply acted as such adjuster in adjusting and settling up said claims against said company, then he was not an agent of said company, within the terms of the act of assembly relative to insurance in Pennsylvania, and in so doing, he did not violate any of said acts of assembly, and the verdict must be in favor of the defendant. *Answer :* I decline to affirm that proposition, gentlemen of the jury. If he was sent on by this company, and this company was incorporated, and he represented himself as the adjuster of the company, he ought to be convicted." (6) To portions of the judge's charge in presenting the case to the jury : " If you believe that this was a corporation, and there is evidence from which you can infer that fact, and you believe that this defendant represented himself by writing a letter, such as has been offered in evidence, by statements to these parties that he was the adjuster of this company, represented himself as the adjuster of this company, he may be convicted."

*A. A. Vosburg*, with him *Chas. W. Dawson*, for appellant.— The Act of 1873, P. L. 20, provides a penalty for acting as " agent " for a company not authorized to do business in this state, and without procuring a license to act as agent. Section 11 of this act provides that companies " shall, from time to time, certify to the commissioner the names of the agents appointed by them to solicit risks in this state."

It does not seem that there can be any question but that the only persons intended by the legislature to be classed as " agents " in the act of 1873, were " soliciting agents," or persons who had something to do with the obtaining of risks. In other words, no one could be classed as an " agent " within the

provisions of this act, unless he took part in procuring the contract of insurance to be executed.

The act of 1887 is to be read as a section of the act of 1873: Com. v. Biddle, 139 Pa. 605.

The court below seemed to rely largely upon the case of List v. Com., 118 Pa. 322; but a careful examination of that case will show, that instead of sustaining the position of the commonwealth, it is really an authority for the appellant.

Coming now to the Act of 1893, P. L. 38, under which the appellant was indicted and convicted, it seems to us that its purpose and object is manifest. It is what we would term an act to prevent soliciting agents and brokers from advertising that they represent foreign unlicensed insurance companies. It must, like the act of 1887, be read as a section of the act of 1873. See Com. v. Biddle, 139 Pa. 605.

*W. G. Thomas*, assistant district attorney, with him *John P. Elkin*, attorney general, *Fred W. Fleitz*, deputy attorney general, and *John R. Jones*, district attorney, for appellee.—Mr. Hammer may call himself an adjuster, but it matters not by what title he calls himself so long as he is the agent of the company.

An adjuster is within the spirit of the act of 1893.

It needs no citation of authority to prove that the acts and declarations of an adjuster in the general scope of his employment are properly received in evidence and bind the company. Why? Because he is the agent of the company.

The legislature undoubtedly has power to prescribe conditions under which a foreign corporation may transact business in this state, and the manner in which its agents shall be qualified, before entering upon their duties: Thorne v. Ins. Co., 80 Pa. 15; Ins. Co. v. Com., 85 Pa. 513; Com. v. Standard Oil Company, 101 Pa. 119; Com. v. Ferry Co., 98 Pa. 105; Paul v. Virginia, 8 Wall. 168.

OPINION BY RICE, P. J., July 28, 1899:

The first three assignments of error raise a question as to the construction of the 1st section of the Act of May 10, 1893, P. L. 38, which reads as follows: "Be it enacted, etc., that any person or persons representing or advertising himself or

themselves as the agent or agents of any insurance company of any other state or government, which has not complied with the laws of this state, by poster, circular letter, or any other way or manner, shall be deemed to be guilty of a misdemeanor, and upon conviction, shall be sentenced to pay a fine of not more than one thousand dollars at the discretion of the court."

It is undisputed that the defendant stated to divers persons who held policies of the Old Wayne Mutual Life Association of Indianapolis, Indiana, and who had previously notified the company of their claim for losses, that he was the adjuster of that company, and had authority to adjust and settle claims against the same. It also appears that he compromised and paid some of these claims, and took up the policies. He made no other representations and did not, in any other way, advertise himself as an insurance agent.

The question is whether this, without more, constituted an offense within the true spirit and intent of the act above quoted.

In considering this question, we assume that one having the authority the defendant represented he had is, in law, an agent of the company in the particular matter referred to in the representation, but we cannot agree that this concession precludes further inquiry into the intent of the legislature.

It is to be observed that the falsity of the representation is not an essential, nor is it alleged in the present case. The crime may be committed by one who is authorized by the company to act for it.

Nor is it necessary to prove the actual transaction of business by one who advertises himself as an agent.

So that, if the defendant was indictable at all, his offense was complete, when, pursuant to notice of loss, he appeared upon the ground and represented to these policy holders that he was authorized by the company to adjust and settle their claims.

It so happens that these policies were delivered in this state, and that the company had not complied with our laws. But if the construction of the act contended for by the commonwealth's counsel be correct, the fact that the policies were issued in violation of our laws to citizens of Pennsylvania, does not affect the question. Indeed, in their view, it might be said in general terms, that the subject-matter of the asserted

agency is wholly immaterial. It might relate to the compromise and payment of any valid claim against the company, to the negotiation of a loan to the company, or to any transaction whatever, whether it involved the doing of business in the commonwealth within the meaning of our laws or not.

But no statute has made it unlawful for a foreign insurance company, which has not complied with our laws, to pay claims upon policies issued by it. On the contrary, it is not permitted to set up its own dereliction as a defense: Swan v. Watertown Fire Insurance Co., 96 Pa. 37; Watertown Fire Ins. Co. v. Simons, 96 Pa. 520; Hoge v. Ins. Co., 138 Pa. 66. And if it cannot urge this as a defense then, clearly, it must have the right to adjust and satisfy the claim for such sum as the policy holder is willing to take and it is willing to give.

Moreover, the thing which the defendant represented he had authority to do is not prohibited. The prohibited acts are " the paying, or receiving, or forwarding any premiums, applications for insurance, or in any manner securing, helping, or aiding in the placing of any insurance, or effecting any contracts of insurance," etc. The defendant did none of these things, nor did he represent that he was an agent with reference to any of these matters. We have then this anomalous condition of things—that a man may be convicted of a crime for representing truly that he is authorized by the company to act for it in a transaction which neither as to the principal nor as to the agent is unlawful. We need not discuss the power of the legislature to enact a law which will make this possible, but before assuming that they intended it to have that effect, other considerations besides the mere lexical meanings of the words " agent" and " represent," taken in their broadest and most comprehensive sense, ought to be looked at. The context shows that the persons referred to are those who advertise themselves as insurance agents, a description which aptly applies to those who in some way, are instrumental in forwarding the business of insurance, but which in popular understanding, would not be supposed to apply to one specially selected, as, for example, a reputable attorney, to adjust and settle particular losses. Such persons do not ordinarily advertise their agency. Again, the statute is part of a system of laws enacted to prevent foreign insurance companies, which have not complied with the condi-

tions prescribed by the legislature, from carrying on their business within this commonwealth. It is to be construed with reference to the object of the legislation, of which it forms a part, otherwise, we shall reach results which we are sure the legislature never contemplated.

The demand for judicial construction is quite as imperative as it was when the act of 1887 came to be applied. Words were there used which by a literal interpretation would have made it a misdemeanor for an owner to make a single contract of insurance with a foreign company upon his own property. It was held, however, upon a consideration of the context, the prior legislation of which the statute formed a part, and the effects and consequences of a strictly literal interpretation that the act was intended to be confined to persons who act as agents or solicitors for foreign companies, or as brokers or agents for parties seeking insurance: Com. v. Biddle, 139 Pa. 605. Upon similar principles we conclude that when the legislature made it a misdemeanor "for any person to represent or advertise himself as the agent of an unauthorized . . . . insurance company" (we quote from the title), they had in view one representing himself to the public, or advertising himself as an agent for the company in some "unauthorized" matter—in some matter which the law prohibited the company or an insurance agent to do. It follows that the defendant's first point should have been affirmed.

The judgment is reversed and it is ordered that the defendant go without day.