# Clymer Opera Co. *v.* Flood City Mutual Fire Ins. Co., Appellant.

*Insurance — Fire insurance — Sole ownership — Covenants— Waiver—Estoppel.*

Where a policy of fire insurance is issued without a written application, and the agent authorized by the company to write the policy knows that the covenant as to "unconditional and sole ownership" in the insured, is inconsistent with the facts, and the insured has been guilty of no fraud or misrepresentation, the company is estopped from setting up the breach of the covenant in a suit on the policy.

138 CLYMER O. CO. *v.* FLOOD C. M. F. I. CO., Appellant.

Argued October 14, 1912.    Appeal, No. 6, Oct. T., 1912, by defendant, from judgment of C. P. Indiana Co., June T., 1910, No. 361, on verdict for plaintiff, in case of Clymer Opera Company, for itself and for use of the Savings & Trust Company of Indiana, Pa., v. Flood City Mutual Fire Insurance Company.    Before Brown, Potter, Elkin, Stewart and Moschzisker, JJ.    Affirmed.

Assumpsit on a policy of fire insurance.    Before Telford, P. J.

The facts are stated in the opinion of the Supreme Court.

The trial judge charged in part as follows:

["If you find that Mr. C. C. McLain was an agent of the defendant companies, and as agent got this insurance and had it written knowing that the property insured was located on leased ground and not upon ground on which the Clymer Opera Company had the fee simple title, then the plaintiff should recover a verdict against the defendants for the amount of the indemnity secured by policies, with interest from date of the fire."] (1)

Defendant presented these points:

1. By agreement dated December 26, 1908, W. F. Neely leased to Lloyd Hill, et al., trading as the Clymer Opera Company, a lot of ground in the Borough of Clymer, known as Lot No. 68, on Franklin street, upon which lot the plaintiff erected an opera house which was destroyed by fire, and to recover the insurance upon which this suit is brought.    The agreement of December 26, 1908, is a lease, and the interest of the assured in the real estate is not the unconditional and sole ownership contemplated by the policy of insurance upon which suit is brought.    The plaintiff therefore cannot recover against the defendants.

Answer: Declined.    (2)

2. The Indiana Insurance Agency, Timberlake & McLain, the agent for the Safety Mutual Fire Insurance Company of Lebanon, Pa., the India Mutual In-

surance Company of Boston, Mass., and the Birming-
ham Fire Insurance Company of Pittsburg, Pa., and the
Flood City Mutual Fire Insurance Company of Johns-
town, had no authority to waive the provision in the
policy in regard to buildings standing upon leasehold
except by endorsement in writing upon the policy or by
writing thereto attached and this stipulation in the
policy was a complete notice to the insured of the agent's
limited authority, and the assured had no right to as-
sume that the company or companies defendant in this
case had or would waive this provision unless he found
such waiver written upon or attached to the policy. The
plaintiff therefore cannot recover.

Answer: Declined. (3)

Verdict and judgment for plaintiff for $1,618.24. De-
fendant appealed.

*Errors assigned* were (1-3) above instructions, quot-
ing them.

*D. B. Taylor*, with him *Wm. E. Schaak*, for appellant.
—Where conditions are contained in the policy, and
there is no statement of the title or specific interest, an
acceptance of the policy amounts to a representation by
the insured that his title or interest is that stated in
the condition, and if his title or interest is substantially
different, the insurance is avoided: Duda v. Home Insur-
ance Co., 20 Pa. Superior Ct. 244; Beddall v. Ins. Co.,
28 Pa. Superior Ct. 600; Bemis v. Ins. Co., 200 Pa. 340;
O'Connor v. Decker, 30 Pa. Superior Ct. 579; Weisen-
berger v. Harmony Fire & Marine Ins. Co., 56 Pa. 442;
Kompa v. Ins. Co., 28 Pa. Superior Ct. 425; Schroedel
v. Ins. Co., 158 Pa. 459; Bateman v. Ins. Co., 189 Pa.
465; Moore v. Ins. Co., 196 Pa. 30; Northern Assur. Co.,
v. Grand View Bldg. Assn., 183 U. S. 308 (22 Sup. Ct.
Repr. 133).

*Samuel Cunningham*, with him *Ernest Stewart*, for
appellee.—The Supreme and Superior Courts have

passed on this question in a line of cases, in which the principle is laid down that the act of the agent is the act of the company, and where it was the agent's act that the policy was misleading, the company is responsible: Philadelphia Tool Co. v. Assurance Co., 132 Pa. 236; People's Ins. Co. v. Spencer, 53 Pa. 353; Damms v. Fire Ins. Co., 226 Pa. 358; Caldwell v. Fire Assn., 177 Pa. 492; Porter v. Ins. Co., 29 Pa. Superior Ct. 75; McKeesport Machine Co. v. Ben Franklin Ins. Co., 173 Pa. 53.

OPINION BY MR. JUSTICE MOSCHZISKER, January 6, 1913:

This is an appeal by the defendant insurance company from a judgment entered against it upon a verdict rendered in favor of the plaintiff in an action of assumpsit brought on two policies of fire insurance. The appellant does not deny that it issued the policies sued upon or that the plaintiff suffered the losses alleged by it, but contends that since the plaintiff's interest in the insured property was not "unconditional and sole ownership" the policies were void under the following clauses contained in each of them: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void......if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee-simple" and, "no officer, agent or other representative of this company shall have the power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such conditions and provisions no...... agent......shall have such power or be deemed or held to have waived such provisions and conditions unless such waiver, if any, shall be written upon or attached hereto......" It was admitted by the plaintiff that the land upon which the insured building stood was leased by it and that there was no endorsement on the policies

relating to the character of its title,—the only endorsement thereon being to the effect that the loss, if any, should be payable to the Indiana Savings & Trust Co., as mortgagee. But the plaintiff introduced evidence to show that the defendant company's agent had notice of the nature of its interest in the insured property prior to the placing of insurance thereon, and the jury, under instructions from the trial judge submitting this question of fact to them, found in favor of the plaintiff. It is also to be noted that there was no written application for the insurance and that it is not contended that the plaintiff was guilty of any fraud or misrepresentations in procuring the same.

In Clymer Opera Co. v. Birmingham Fire Insurance Co., 50 Pa. Superior Court. 639, involving the same facts here presented, Judge PORTER of the Superior Court, correctly states the law as follows: "The question......is not whether the company had waived this particular covenant of the policy, but is whether under the facts established by the evidence it was estopped to assert that covenant. Covenants of this character have frequently been passed upon by the courts, held to be valid, and given full effect, unless the assured produced evidence establishing facts which estopped the company to assert the covenant or constituted a waiver of its provisions: Schiavoni v. Dubuque Fire & Marine Ins. Co., 48 Pa. Superior Court 252, and cases there cited. The decisions firmly establish the following principle, with regard to the covenant with which we are dealing. When the policy is issued without a written application and the agent authorized by the company to write the policy knows that one of its conditions is inconsistent with the facts, and the insured has been guilty of no fraud or misrepresentation, the company is estopped from setting up the breach of said condition: Caldwell v. Fire Ins. Association, 177 Pa. 492; Damms v. Humboldt Fire Ins. Co., 226 Pa. 358; Porter v. Insurance Co., 29 Pa. Superior Ct., 75." Also see: Phila. Tool Co. v. British-

American Assur. Co., 132 Pa. 236. In the case at bar, while the insured did not own the ground it did own the building and contents covered by the policies, and as such owner it had an insurable interest which was made known to the agent of the defendant insurance company prior to the latter's acceptance of the risk and the issuance of the policies sued on. "Whatever mistake, or worse than mistake, was made in writing the policy ......it is clearly chargeable, not to the insured, but to the company's agent, and should be imputed to the company itself." Caldwell v. Fire Ins. Ass'n, supra, p. 502.

The assignments of error are overruled and the judgment is affirmed.