# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA

---

## Livingstone *v.* Boston Insurance Company, Appellant.

*Insurance—Fire insurance — Insurable interest — Ownership — Husband and wife—Construction—Proofs of loss—Total loss.*

1. The provisions of an insurance policy are construed favorably to the insured; where he has an insurable interest and is the substantial owner of the property so that the entire loss falls on him, a clause of the policy providing that the policy shall be void if the interest of the insured be other than unconditional and sole ownership, is satisfied, and it is not material that the insured may not have a perfect legal title to the insured property.

2. A deed for a tract of land having a building thereon named a husband and wife as owners; the husband left the jurisdiction and abandoned the property, and the wife took out insurance on the house and a piano therein owned by her, describing herself as unconditional and sole owner thereof. In an action on the policy for loss occasioned by the destruction of the house and piano by fire, it appeared that plaintiff with her own money had purchased the lot and erected the buildings thereon and had also paid for the piano. Defendant contended that it was relieved of liability by reason of the fact that the lot stood in the name of the husband and wife and that the wife's interest had not been correctly stated in the policy. The wife testified although contradicted that she made full disclosure of all the facts to the agent and that the policy was issued in her name by his advice. *Held,* the requirements of the policy that the interest of the assured must be truly stated therein and that the interest of the insured must be unconditional

and sole ownership were satisfied, and a verdict for the plaintiff was sustained.

3. Where in such case the loss was total and was so declared by the adjuster, who came in response to immediate notice of the fire given to the company, it was not material that the plaintiff furnished no proofs of loss although the policy required that proofs of loss be furnished within sixty days, especially where it appeared that the company was furnished with full information as to the loss and made no demand for formal proofs of loss.

Argued April 10, 1916. Appeal, No. 376, Jan. T., 1915, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1908, No. 668, on verdict for plaintiff, in case of Annie Livingstone v. Boston Insurance Company. Before POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit on a fire insurance policy. Before WOODS, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $1,813.50 and judgment thereon. Defendant appealed.

*Errors assigned* were answers to points, the refusal of the court to direct a verdict for defendant and to enter judgment for defendant n. o. v.

*Abram Salsburg,* with him *Frank R. Shattuck,* for appellant.—The policy was void because it did not state that the husband had an interest in the property: Schroedel v. Humboldt Fire Ins. Co., 158 Pa. 459; Diffenbaugh v. Union Fire Ins. Co., 150 Pa. 270; Duda v. Home Ins. Co. of N. Y., 20 Pa. Superior Ct. 244; Hottner v. Aachen & Munich Fire Ins. Co. of Aix-la-Chapelle, 31 Pa. Superior Ct. 461; Pottsville Mut. Fire Ins. Co. v. Minnequa Springs Imp. Co., 100 Pa. 137.

The failure to furnish proofs of loss barred the plaintiff's right to recover on the policy: Gould v. Dwelling-House Ins. Co., 134 Pa. 570.

*R. O. Brockway,* with him *Thomas D. Shea* and *S. F. Pauxtis,* for appellee.—The plaintiff was the substantial owner of the property and it was not material that her husband had a legal interest in the naked legal title: Yost v. McKee, et al., & Dwelling-House Ins. Co., 179 Pa. 381; Lebanon Mutual Ins. Co. v. Erb, 112 Pa. 149; Imperial Fire Ins. Co. of London v. Dunham, 117 Pa. 460; Elliott v. Ashland Mut. Fire Ins. Co., 117 Pa. 548; Pittsburgh Ins. Co. v. Frazee, 107 Pa. 521.

.As the property was totally destroyed it was not necessary that plaintiff should furnish proofs of loss, unless requested so to do by the company: Gould v. Dwelling-House Ins. Co., 134 Pa. 570; Penna. Fire Ins. Co. v. Dougherty, 102 Pa. 568; Gartsee v. Citizens' Ins. Co., 30 Pa. Superior Ct. 602; Roe v. Dwelling-House Ins. Co., 149 Pa. 94; Powell v. Agricultural Ins. Co. of Watertown, N. Y., 2 Pa. Superior Ct. 151.

OPINION BY MR. JUSTICE WALLING, July 1, 1916:

This is an action of assumpsit on a fire insurance policy, which was issued by defendant to plaintiff, December 7, 1907, for thirteen hundred dollars, being one thousand dollars on a frame building and three hundred dollars on a piano contained therein. The building and piano were totally destroyed by fire on January 7, 1908. The evidence is to the effect that plaintiff with her own funds purchased the lot and erected said building thereon, and also bought and paid for the piano. However, the deed for the lot was made jointly to plaintiff and her husband, and so the record stood when said policy was issued and at the time of the fire. The building had formerly been insured in their joint names, but before taking out said policy plaintiff's husband had fled from the State and it was issued to her alone. Plaintiff testifies that she notified defendant's agent that the deed was to her and her husband jointly, and that the former policy had been so issued, also as to her husband's desertion, and that on the agent's advice the policy was made

in her name. This is denied by the agent. Plaintiff gave immediate notice of the fire to defendant's agent and an adjuster viewed the premises and pronounced it a total loss. But formal proofs of loss were not furnished defendant until three months after the fire.

Said policy contains clauses inter alia, as follows, viz:

"The entire policy shall be void if the interest of the insured in the property be not truly stated therein, or if the interest of the insured be other than unconditional and sole ownership."

and

"If fire occur, the insured......within sixty (60) days after the fire, unless such time is extended in writing by this company, shall render a statement to the company, signed and sworn to by the said insured."

The trial court submitted the case to the jury who found for the plaintiff.

The provisions of an insurance policy are construed favorably to the assured; and where he has an insurable interest and is the substantial owner of the property so that the entire loss falls on him, it satisfies the above quoted clause as to ownership, although he may not have a perfect legal title to the insured property.

According to plaintiff's evidence she bought and paid for the lot and built and paid for the house, all with her separate estate, and if so it was hers in substance. It has been decided in some jurisdictions that, "Where property held jointly by the husband and wife was purchased by money belonging entirely to the wife, the husband holds the land in trust for his wife": 39 Cyc. 139, note.

Here plaintiff's husband had abandoned the property and makes no claim thereto, and the rights of creditors are not involved; and if, as the finding of the jury under the court's charge implies, Mrs. Livingstone correctly disclosed to defendant's agent the facts as to her title, she ought not to lose her insurance because of that apparent defect.

The policy requires that the interest of the assured be that of sole ownership, not that the legal title be in her name. It is familiar law that equitable ownership is sufficient under such policy. "One who is in undisputed possession and has the sole and entire beneficial ownership is properly described as sole and unconditional owner although the title is held in another name, if there is no fraud or concealment": 13 American and English Encyclopedia of Law (2 ed.) 234.

"If the insured is the absolute owner of the property destroyed a dry trust of the legal title in another will not prevent a recovery": Watertown Fire Ins. Co. v. Simons, 96 Pa. 520; see also Pennsylvania Fire Ins. Co. v. Dougherty, 102 Pa. 568; and Lebanon Mutual Ins. Co. v. Erb, 112 Pa. 149. Actual and substantial ownership is sufficient: Yost v. McKee et. al. & Dwelling-House Insurance Co., 179 Pa. 381; Pittsburgh Insurance Co. v. Frazee, 107 Pa. 521; Imperial Fire Ins. Co. v. Dunham, 117 Pa. 461.

Where the insured has an insurable interest so that in case of fire the entire loss would fall upon him, his title is sufficient: Elliott v. Ashland Mut. Fire Insurance Co., 117 Pa. 548, 554.

While in our opinion the parol evidence was not sufficient to modify the terms of the policy it was sufficient to sustain a finding that plaintiff was the sole beneficial owner of the property insured; in which respect this case differs from those cited for defendant.

True, the terms of the policy cannot be reformed by the oath of the insured contradicted by that of the agent; but here plaintiff's evidence as to her sole beneficial ownership is consistent with the policy and denied by no one.

The insurance was upon the building and piano, the loss was total and so declared by the adjuster who came in response to immediate notice which plaintiff gave defendant of the fire. Under such circumstances no formal proofs of loss were necessary unless requested by the

company: Beech v. Live Stock Ins. Assn., 137 Pa. 617; Roe v. Dwelling-House Ins. Co., 149 Pa. 94; Powell v. Agricultural Insurance Co. of Watertown, N. Y., 2 Pa. Superior Ct. 151.

No sufficient reason appears for holding that under such circumstances detailed proofs of loss must be furnished where the policy includes a building and piano, which would not be necessary were each insured separately. Such proofs of loss in this case would have afforded defendant no additional information. Hence the fact that they were not furnished within the sixty days is not in our opinion fatal to plaintiff's claim.

The assignments of error are overruled and the judgment is affirmed.