[No. 14938.  Department Two.  January 10, 1919.]

GENE C. GOULD, *Respondent*, v. ST. PAUL FIRE &
MARINE INSURANCE COMPANY, *Appellant*.[1]

INSURANCE (91) — POLICY — BREACH — PROVISION AGAINST MORT-
GAGE—PAYMENT BEFORE LOSS.  Under Rem. Code, § 6059-34, the plac-
ing of a chattel mortgage upon property in violation of the terms of a
policy of fire insurance does not avoid the policy, where the mort-
gage was paid and the breach of the policy did not exist at the time
of the loss.

Appeal from a judgment of the superior court for
King county, Hall, J., entered January 9, 1918, upon
findings in favor of the plaintiff, in an action on a fire
insurance policy, tried to the court.  Affirmed.

*H. T. Granger*, for appellant.

*Smith, Chester, Brown & Worthington*, for respond-
ent.

MAIN, C. J.—The purpose of this action was to re-
cover upon a fire insurance policy the value of an
automobile destroyed by fire.  In the complaint, Man-
uel Benson and the St. Paul Fire & Marine Insurance
Company were made parties defendants.  One Alfred
Anderson filed a complaint in intervention.  After the
issues were framed, the action was tried to the court
without a jury, and resulted in a judgment adverse to
the defendant St. Paul Fire & Marine Insurance Com-
pany.  From this judgment, the appeal is prosecuted.

To avoid confusion the parties will be designated as
they appear in the proceeding in the superior court.
The plaintiff, Gould, on the third day of May, 1916,
being the owner of a certain automobile, sold the same
to the defendant Benson upon a conditional sale con-
tract.  At the time of the sale, a substantial payment

[1]Reported in 177 Pac. 787.

was made, leaving a balance of $1,100 due under the terms of the contract. On the day the car was purchased, the defendant the St. Paul Fire & Marine Insurance Company, at the request of Benson (the purchaser), covered the car with a fire insurance policy in the sum of $1,100. This policy carried a loss payable clause which provided that any loss should be paid to the plaintiff Gould (the seller of the car) as his interests might appear, subject to the conditions of the policy. Subsequent to this, Benson operated the car and, from time to time, made payments as called for in the conditional sale contract. On or about the 30th day of December, 1916, while the insurance policy was still in force, the automobile was destroyed by fire. Gould brought an action on the policy to recover a sum equal to the balance then due him upon the conditional sale contract.

After the fire, and prior to the institution of the action, an assignment was made by Benson to Anderson of all his rights under the insurance policy. After the action had been instituted by Gould, Anderson intervened, claiming the right to recover on the policy the balance after Gould's claim should be satisfied. The complaint of Gould and the intervening complaint of Anderson were answered separately by the insurance company. In each answer there was an affirmative defense to the effect that, prior to the time the automobile was destroyed by fire, Benson had placed a chattel mortgage upon it and that such mortgage was in full force and effect when the fire occurred. The policy of insurance contained a clause that it should be void in the event that the property covered thereby should be incumbered by a chattel mortgage. The trial court made findings of fact and conclusions of law, and entered a judgment sustaining the right to recover

upon the complaint, and also the intervening complaint. The fire insurance company made a specific request that the court find that, after the issuance and delivery of the insurance policy, Benson executed and delivered a chattel mortgage upon the insured automobile for the sum of $200, and that such mortgage was in full force and effect and unpaid at the time the fire occurred. The court specifically refused to make this finding. The question then is whether the evidence supports the finding refused.

Without reviewing the testimony in detail, it may be said that the evidence upon the question as to whether a mortgage had in fact been given is far from satisfactory and lacks convincing force. But conceding, without deciding, that there was sufficient evidence to sustain such a finding, the same testimony which would sustain a finding that a chattel mortgage had been placed upon the automobile would show that, if there had been such a mortgage, it had been paid prior to the fire. If a mortgage had been placed upon the automobile in violation of the conditions of the policy and had been paid prior to the time the fire occurred, it would not defeat the recovery. In that event the breach of the policy would not exist at the time of the loss. Rem. Code, § 6059-34; *Silver v. London Assurance Corp.*, 61 Wash. 593, 112 Pac. 666; *Port Blakeley Mill Co. v. Springfield & Marine Ins. Co.*, 59 Wash. 501, 110 Pac. 36, 140 Am. St. 863, 28 L. R. A. (N. S.) 596.

As we view the case, it is unnecessary to discuss or decide questions other than those already referred to.

The judgment will be affirmed.

FULLERTON, HOLCOMB, MOUNT, and PARKER, JJ., concur.