## Gomery-Schwartz Motor Car Co., Inc., Appellant, *v.* Thomas A. Tucker and American Brewing Company, a Corporation.

*Bailment lease—Replevin—Intervening claimant—Case for jury.*

In an action of replevin to recover possession of an automobile alleged to have been delivered to defendant on a bailment lease, the case was for the jury where a company, of which defendant was president, claimed that the car had been purchased by it and paid for, and that the defendant had subsequently signed the lease in his own name without authority.

Under such circumstances the case was for the jury. If the intervening company bought the car and gave a valuable consideration for it, the transaction was closed and the title passed to it. If, subsequently, the defendant in the replevin proceeding signed a lease, such act would not reinvest title in the original vendor without redelivery of the machine to it.

Argued October 22, 1924. Appeal, No. 147, Oct. T., 1924, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1923, No. 683, on verdict for defendant in the case of Gomery-Schwartz Motor Car Co., Inc., v. Thomas A. Tucker and American Brewing Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

428, (1925).]    Arguments—Opinion of the Court.

Replevin to recover possession of automobile.   Before
BARTLETT, J.

The facts are stated in the opinion of the Superior
Court.

The jury rendered a verdict in favor of the defendant
and judgment was entered thereon.   Plaintiff appealed.

*Error assigned* was refusal of plaintiff's motion for
judgment non obstante veredicto.

*C. Brewster Rhoads,* of *Roberts & Montgomery,* for
appellant.—The transaction between the parties consti-
tuted a bailment lease and, because of defendant's re-
fusal to pay the rent reserved therein, the plaintiff be-
came vested with the right of immediate possession of
the automobile: Michael v. Stuber, 73 Pa. Superior Ct.
390; Flegal v. Hoover et al., 156 Pa. 276; Dreifus, Block
& Co. v. Salvago Co., 194 Pa. 475; McNish v. Reynolds,
Lamberton & Co., 95 Pa. 483; Stiles v. Seaton, 200 Pa.
114; Goss Printing Co. v. Jordan, 171 Pa. 474; National
Cash Register Co. v. Shurber, 41 Pa. Superior Ct. 187.

*Grover C. Ladner,* of *Ladner & Ladner,* for appellee.

OPINION BY TREXLER, J., February 27, 1925:

This is an action of replevin instituted by the plaintiff,
the Gomery-Schwartz Motor Car Company, Inc., to re-
cover possession of an automobile alleged to have been
delivered to Thomas A. Tucker on January 2, 1923,
under a bailment lease bearing the same date.   There
was $1,000 paid on account, a Dodge car taken in ex-
change and a rental of $402 reserved in said lease and a
judgment note given for said amount.   The note became
due and the defendant refusing to pay, this action was
brought to recover possession of the machine.   The
American Brewing Company intervened.   The defend-
ants' story is that through Tucker, as president, the
American Brewing Company bought the car; that it was

paid for in part by a check of $1,000 of the American Brewing Company; that an ordinary promissory note for $400 was given by the American Brewing Company and a Dodge car was turned over to the plaintiff; that it was a week or ten days later when an agent of the plaintiff called on Tucker and said that it was customary for them when a note was given to have a lease signed and Tucker states he signed, in his own proper name, the lease and a judgment note as a mere matter of form. These two counter narratives would seem to require submission to the jury. If it be true that the American Brewing Company bought the car and gave a promissory note and a Dodge car in exchange and received possession of the car, the transaction was closed and title passed to the American Brewing Company. If subsequently Tucker without authority signed a lease, that act would not reinvest title in the original vendor without a redelivery of the machine to them. This question, upon which the case hinged, was properly submitted to the jury. The only assignment of error is to the refusal of the court to enter judgment in favor of the plaintiff n. o. v. We think the case was one for the jury and the verdict settles the matter.

The assignment of error is overruled and the judgment is affirmed.