Phila. Auto Finance Co., Inc. *v.* Agricultural Ins. Co., Appellant.

2

Argued October 10, 1930.

Before T‍rexler, P. J., Keller, Linn, Gaw-
throp, Cunningham, Baldrige and Whitmore, JJ.

*Thomas F. Mount,* and with him *Joseph W. Hend-
erson* of *Rawle & Henderson,* for appellant.

*Harry E. Apeler,* and with him *Henry J. Scott,* for
appellee.

Opinion by Baldrige, J., January 30, 1931:
This is an action in assumpsit on a theft insurance
policy covering an automobile. The case came on for

trial before a judge sitting without a jury, and a verdict was rendered in favor of the plaintiff; hence, this appeal.

The plaintiff company is engaged in the business of financing automobiles, and, in the course of its business, leased an automobile to Harry L. Tiefenbrun. It applied for, and obtained from, Henry A. Lewis, Inc., a policy of insurance, dated March 4, 1927, in the defendant company. The policy was issued in the name of Harry L. Tiefenbrun and contained a clause —"Loss, if any, shall be payable to assured and Philadelphia Auto Finance Co., Inc., as interest may appear, subject nevertheless to all the conditions of this policy." On February 9, 1928, the automobile was reported stolen by the lessee, and the plaintiff, through its manager, telephoned and wrote to Henry A. Lewis, Inc., of the theft.

It was contended upon the part of the plaintiff that the defendant company, through its authorized agent, waived any further proof of loss and agreed to make payment of the claim after the expiration of sixty days, provided the automobile was not recovered.

The appellant's first position is that no recovery could be had in an action on the policy by the lessor without the joinder of the lessee. It is unnecessary to decide if the joinder of Tiefenbrun was essential to a recovery as the question of non-joinder was not raised, either "under the general issue or plea on the merits": Bowers Co. v. London Assur. Corp., 90 Pa. Superior Ct. 121 (125). This court will not consider a matter of defense which was not advanced in the court below: Kunkle v. Kunkle, 267 Pa. 163; Ruth-Hasting Glass Tube Co. v. Slattery, 266 Pa. 288.

The next question raised by the appellant is, that there was no allegation in the statement of claim that the automobile was stolen and that there is not sufficient evidence in the record to support that contention.

The plaintiff averred that on February 9, 1928, the lessee reported that the car was stolen; and that the defendant, through its authorized agent, Henry A. Lewis, Inc., was, on the same day, informed by telephone of the theft, which notice was confirmed in writing. The testimony shows that after receiving notification of the theft, an unsuccessful investigation was made by the plaintiff to find the automobile; that the police department was duly informed and "flyers" were sent out to 500 cities throughout the United States; that the automobile was recovered on October 1, 1929, in Detroit, Michigan. While there was no direct evidence to prove the theft of the machine, that was not required; these circumstances were sufficient for the judge to determine as a matter of fact that the car was stolen.

The third point involved is, whether there was sufficient evidence to establish a waiver of the provision requiring the filing of a proof of loss. The policy provided that, in the event of a loss, the assured should give forthwith notice in writing to the company and within 60 days after the loss, give a statement signed and sworn to by the assured, stating the time, place and cause of the loss, sound value, etc. Admittedly, the plaintiff filed no sworn proof of loss, but it contends that the defendant waived, through its duly authorized agent, this provision in the policy. It has been ruled a multitude of times that an insurance company may waive conditions in a policy although it contains stipulations to the contrary. Whether or not there was a waiver is a question of fact: Bonnert v. Penna. Ins. Co., 129 Pa. 558; Simons v. Safety Mut. Fire Ins. Co., 277 Pa. 200; Evans v. Life Ins. Co., 294 Pa. 406; Fedas v. Ins. Co. of the State of Penna., 300 Pa. 555; Witmer v. Royal Ins. Co., 68 Pa. Superior Ct. 12.

In the Fedas case, supra, Mr. Justice KEPHART, delivering the opinion of the court, said, "The utmost fair dealing should characterize the transactions between an insurance company and the insured. If the insurer, having knowledge of a loss, by any act throws the insured off his guard as to the necessity of performing some duty enjoined by the policy, the insurer should not be permitted to take advantage of the failure to act. It has been held many times that an insurance company may waive filing a technical proof of loss. Waiver may be inferred from any act evidencing a recognition of liability, or from a denial of liability on other grounds than failure to file proof of loss."

The notice given by the insured was on a form furnished by the defendant and gave knowledge to the defendant of the loss. It gave specific information as to the policy, the name of the car, its engine and manufacturer's numbers, and asked that the insured be advised if further data was required. This was, in substance, all the information that could have been given by the plaintiff under technical proofs of loss. In such circumstances, it was the duty of the insurance company, if it required further information or had objections to the proofs furnished, to inform the insured: Gould v. Dwelling House Ins. Co., 134 Pa. 570; Zoller Co. v. Hartford Fire Ins. Co., 272 Pa. 386 (390); Jenkins v. Franklin Fire Ins. Co., 282 Pa. 380. The notice apparently was given in good faith and fully and fairly disclosed all the information desired by the company. We have no trouble concluding that there was sufficient evidence of a waiver of technical proofs of loss.

The question now presents itself, was Henry A. Lewis, Inc., the authorized agent of the defendant company to make the waiver? Turning to the policy, we find a provision that it "shall not be valid until

countersigned by a duly authorized agent of the company,'' which, in this case, was Henry A. Lewis, Inc. This is an express acknowledgment that Henry A. Lewis, Inc., had authority to act in behalf of the defendant company; the policy is invalid without its signature. It was the insurance company's representative in this transaction, as fully as an executive officer would have been, as it was a general agent: E. Enamel Co. v. Ins. Co., 45 Pa. Superior Ct. 550 (558), and a notice given to a general agent has the same effect as a notice given to the company at its home office: McGinness v. Caledonia Ins. Co., 78 Pa. Superior Ct. 376.

The testimony shows that the defendant, during a period of several years, had issued to the plaintiff, through Henry A. Lewis, Inc., 75 to 100 policies; that 10 or 12 losses had been sustained, which were reported to, and the payment therefor made by, this agency, including a previous loss under the very policy in suit. This express holding out of Henry A. Lewis, Inc., as its agent, and the course of conduct of the principal were sufficient to warrant the finding of the court below. If the provision for the furnishing of proofs of loss was waived on its behalf by an authorized agent, then the defendant was estopped from entering the defense that the proofs were not furnished as required by the policy.

Judgment is affirmed.