Zaffuto v. Northern Ins. Co. of N. Y., Appellant.

Argued April 13, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALD-RIGE, STADTFELD, PARKER and JAMES, JJ.

*Gilbert S. Parnell,* for appellant.

*George Jerko,* and with him *B. A. Sciotto,* for appellee.

OPINION BY KELLER, J., July 14, 1933:

This is an action on a policy contract issued by the defendant company to the plaintiff insuring his automobile against loss by (1) theft and (2) fire respectively.

On July 13, 1928, plaintiff drove with some friends on a pleasure trip from Indiana, Pa., to Pittsburgh and left the car locked on Beatty Street, near the Boulevard, while he and his friends had dinner and went to see a show. When they came back the car was missing. He gave notice the next day to the agent of the defendant, who issued and countersigned the policy, (Phila. Auto Finance Co. v. Agricultural Ins. Co., 102 Pa. Superior Ct. 1, 6) and was told that nothing could be done until the car was found. He also gave immediate notice to the police authorities of Pittsburgh. On July 26, 1928, the remains of the car,

which had been burned, were found in a field near the Unity Road, not far from New Kensington, by the police authorities, who notified plaintiff. He went there and identified it by the color, the license plates and the engine number.

He then gave notice to the agent of the burning of the car, and on September 22, 1928, less than sixty days after he received knowledge of its destruction by fire, he filed with the company his formal proofs of loss, claiming for a total loss by fire, and on its refusal to pay his claim he brought this action.

The affidavit of defense violates nearly every canon laid down by the appellate courts relative to such pleadings. It is evasive; contains only general denials of averments in the plaintiff's statement which should have been answered fully and in detail; denies the correctness of the copy of the policy attached to the plaintiff's statement, but fails to point out wherein the copy is incorrect; denies that proofs of loss were filed within sixty days of the loss, but fails to state when proofs were filed; avers that the policy is void, but does not state the ground on which it relies in declaring the policy void; and on the whole withholds as much information, and furnishes as little, as the pleader could possibly do.

At the trial the company relied on four defenses, three of which were not set up in the affidavit of defense.

(1) That proofs of loss were not furnished within sixty days after loss.

(2) That the following statement in the policy, alleged to relate to the cost of the automobile,— although it is not so specifically stated in the policy—, was untrue: ''4. Amount unpaid, if any. None.''

(3) That the clause in the policy providing that it should be void, ''If the interest of the assured in the subject of this insurance be or come [sic] other than

unconditional and sole lawful ownership," was violated.

(4) That the clause in the policy which provided that the company should not be liable for loss or damage to the property insured, "(a) While encumbered by any lien or mortgage," was violated.

We will consider them in their order.

(1) Plaintiff was claiming for a total destruction by fire. There is no evidence that the car was burnt more than sixty days prior to September 22, 1928. The fact that the car was *stolen* on July 13th did not require the proofs of loss for destruction by *fire* to be filed within sixty days of the former date. The claim as here presented is on the loss by fire. The theft, while leading up to and connected with the fire, is not the loss sued upon.

Even if the loss by fire should be held to relate back to the date of the theft, which, in the record as here presented, should not be done, the refusal of the defendant company to act until the car was found would excuse the delay in filing of proofs, and postpone the running of the period until the discovery of the car. Arlotte v. National Liberty Ins. Co., 312 Pa. 442; Fritz v. British America Assurance Co., 208 Pa. 268, 275, 57 Atl. 573; McGinness v. Caledonia Ins. Co., 78 Pa. Superior Ct. 376. Furthermore the insurance was on one specific article and the loss was a total one, and in such case, it would seem by analogy to the piano insured in Livingstone v. Boston Ins. Co., 255 Pa. 1, 5, 99 Atl. 212; and the horse insured in Beach v. Livestock Ins. Assn., 137 Pa. 617, 619, 620, 20 Atl. 943, that formal proofs of loss would be not necessary, unless asked for by the company.

(2) The statement in the policy alleged to be false, that nothing remained unpaid on the purchase price of the car, was not signed by the plaintiff. There was no application signed by the insured or attached to

the policy. The answer was not inserted by plaintiff, but by defendant's agent. Plaintiff testified that he told the agent that he owed Fowler, from whom he bought the car, (which cost $1,250) about $200—reduced at the time of trial to $35. The agent denied this. The court left this dispute of fact to the jury which found for the plaintiff. It was a question of fact for them. Jabs v. Lancaster County Mutual Ins. Co., 101 Pa. Superior Ct. 498; Clymer Opera Co. v. Flood City Mut. Fire Ins. Co., 238 Pa. 137, 85 Atl. 1111, affirming 50 Pa. Superior Ct. 639.

(3) Both the plaintiff and Fowler, from whom he bought the car, testified that the transaction between them was an outright absolute sale. The fact that the dealer gave him credit for part of the purchase price would not affect the plaintiff's sole and unconditional ownership of the car. At one place in the testimony Fowler said that he had the "title" to the car, but this was cleared up later by his statement showing that what he meant was that he had the certificate of title, which had been issued in the name of the plaintiff and turned over to him. If there was an outright and absolute sale of the car by Fowler to the plaintiff, accompanied by delivery of possession to him, any subsequent "lease" or bailment by Fowler to the plaintiff without a redelivery of the car to the former would be of no legal effect whatever: Gomery-Schwartz Motor Car Co. v. Tucker, 84 Pa. Superior Ct. 428, 430; Bankers-Commercial Security Co. v. Greer, 77 Pa. Superior Ct. 458, 460; nor would any such subsequent lease by the plaintiff to Fowler, while the former retained possession. The appellant has not seen fit to print the certificate of title and alleged lease in the record, and if they would throw any light on the subject, it has only itself to blame for its failure to give us the light they would afford.

(4) There is no evidence in the case of any lien or mortgage against the car. Unpaid purchase money on

the outright sale of a car, for which the dealer may choose to give the buyer credit is not a lien or mortgage within the provisions of the policy, which must be construed most strongly against the insurer. The fact that the certificate of title may denominate such unpaid purchase money an "encumbrance" does not make it so, if, in fact, the sale is a straight one on credit. The certificate of title is issued by the Highway Department, not the parties, and we have already explained its purpose in Braham & Co. v. Steinard-Hannon Co., 97 Pa. Superior Ct. 19, 23.

Finally the general defense of fraud and false swearing in the proof of loss and statement of claim is now presented. That defense is not available unless such false swearing was done wilfully and knowingly with intent to cheat and defraud the company: Allegro v. Rural Valley Mutual Ins. Co., 268 Pa. 333, 337, 112 Atl. 140; Williams & Manning v. Southern Mutual Ins. Co., 108 Pa. Superior Ct. 148, 164 Atl. 128. But as we have already shown, except as respects the answer to the amount of purchase money unpaid, which was left to the jury and decided in plaintiff's favor, there is no evidence of any fraud or false swearing whatever on his part. The defendant is attempting to extend the provisions of the policy beyond their clear and explicit meaning. If the defendant desired any more definite instructions on the subject it should have presented a point, or asked the court for further instructions.

We will not discuss the assignments of error not included within the statement of questions involved. They are all overruled and the judgment is affirmed.