Shindler, Appellant, *v.* Insurance Company of North America.

Argued October 22, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

Herman P. Abramson, for appellant.

*Horace Michener Schell*, with him *Roscoe R. Koch*, for appellee.

OPINION BY BALDRIGE, J., April 16, 1936:

This appeal is from the action of the court below in directing the jury to find a verdict for the defendant in an action of assumpsit upon a fire insurance policy covering personal property up to $3,000 in the plaintiff's dwelling house in Dover, Delaware.

There was no dispute that a fire occurred or that the loss amounted to $998.70.

The policy, dated July 14, 1932, contained provisions that it should "be void ...... if the interest of the insured be other than unconditional and sole ownership ...... or if the subject of insurance be personal property and be or become incumbered by a chattel mortgage."

The defense was that the contract was void because (1) plaintiff's title was other than unconditional and sole ownership, in that the property insured was owned either by the plaintiff's wife, who claimed ownership of it in an adjudication of the estate of her husband, a bankrupt, or by the Enterprise Furniture Company under a conditional sales agreement with the plaintiff, dated July 10, 1929; (2) the property insured was encumbered by a chattel mortgage, in favor of Fannie Shapiro.

In support of the contention that both these provisions were breached, defendant offered in evidence appellant's petition in bankruptcy. In the schedule of bankrupt's liabilities attached thereto, it appeared that an agreement, dated July 10, 1929, had been entered into, whereby the Enterprise Furniture Company leased to the plaintiff and his wife certain household furniture for three years, at a total rental of $3,146, with the usual clause agreeing to sell the articles described therein at the expiration of the specified period and to

apply the sum paid by the lessee as rental to the purchase price fixed at $3,146. There was scheduled also a chattel mortgage, dated February 3, 1932, given by the plaintiff and his wife to Fannie Shapiro, covering personal property to the extent of $4,000. It appeared that the petitioner's wife presented a claim for certain of her property in the home, valued at $401.50, and that the petitioner claimed, as part of his exemption, household furniture valued at $150. These claims were allowed by the United States Court for the District of Delaware in March, 1932.

The judge below, upon request, gave binding instructions to the jury to find for the defendant, giving as a reason therefor that, as *all* the furniture had been awarded in the bankruptcy proceedings to the wife as her property, the plaintiff had no insurable interest therein. The record before us does not definitely show that all the petitioner's personal property was awarded to the wife or that the property burned belonged to her. We might also note in passing that it does not clearly appear that the property insured was included in the lease agreement; nor was the chattel mortgage, if valid, a lien on any property that may have been purchased subsequent to its execution. The testimony is very meager as to what property was actually burned, other than its value, and when it was acquired. Furthermore, by referring to the policy we find that it covered certain personal property described in detail and "such other articles as are of common household, family or personal use, wear, adornment, or amusement, the property of the insured or any member of the family ...... and that the musical instruments and household furnishings purchased on the installment plan are covered hereunder only to the extent of the insured's payment thereon." If we assume that the wife owned part of the personal property covered by the policy when the contract was entered into, that would not defeat a re-

covery. Under the express terms of the policy, personal property in the house belonging to the wife or other members of the family was covered.

The defendant endeavored to escape being bound by the provisions of the contract on the ground that the plaintiff failed to raise the question of his wife's ownership in the court below. The insurance contract was the basis of this suit. It was pleaded and offered in evidence in its entirety. All of its provisions were before the lower court, and, if, by its express terms, the plaintiff is entitled to recover, his right should not be defeated by a disregard of a portion thereof that he may not have emphasized or stressed at the trial.

But there are additional weighty reasons why binding instructions should not have been given in this case. Proof of the execution of the lease agreement in 1929 and the listing of it and the chattel mortgage as obligations in the bankrupt's adjudication four months prior to the policy date were not conclusive evidence that the plaintiff violated the terms of the policy. The plaintiff testified that he was not indebted in July, 1932, to the Enterprise Furniture Company, as that obligation was discharged in 1930, and he was corroborated by one of the members of the firm, Isaac Rosetsky, called by defendant, who stated that his company had been paid in full but he could not give the date of payment. The plaintiff also testified that he was not indebted to Fannie Shapiro at the time the policy was issued. The court sustained exception to his endeavor to prove further that this chattel mortgage was not a lien existing on the policy date, that no consideration was given therefor, and the attending circumstances under which it was executed.

These record liens did not necessarily mean that they represented an existing indebtedness when the policy was delivered; they were but prima facie evidence of that fact. It is a matter of common knowledge that

frequently a mortgage or judgment or other lien, unsatisfied of record, has been paid. In Zaffuto v. North. Ins. Co. of N. Y., 109 Pa. Superior Ct. 376, 167 A. 298, we held that the insured could show that the existing written bailment lease was not a binding obligation and did not affect his unencumbered unconditional title to the car. See, also, Ins. Co. of North America v. Wicker (Texas), 55 S. W. 740; Bennington v. Ins. Co. of North America (Ind.), 281 S. W. 132. In Gould v. St. Paul Fire Ins. Co. (Wash.), 177 P. 787, the insured was permitted to show payment, although the encumbrance remained unsatisfied of record. It has been held, also, that, although a title to property in possession is an equitable one, it amounts to unconditional and sole ownership within the contemplation of the standard insurance policy: Millville Mut. Fire Ins. Co. v. Wilgus, 88 Pa. 107. In Kronk v. Birmingham Ins. Co., 91 Pa. 300, where the insured issued a conditional sales agreement, the court held that nevertheless the clause as to unconditional and sole ownership was not a bar to plaintiff's claim. If property is subject to a pledge, the interests of the pledgor and pledgee are distinct interests, each capable of being insured separately, and the outstanding interest of the pledgee does not reduce plaintiff's title to something other than an unconditional and sole ownership, and hence does not render the policy void: Dunsmore, Receiver, v. Franklin Fire Ins. Co., 299 Pa. 86, 149 A. 163. It was said in Livingstone v. Boston Ins. Co., 255 Pa. 1, 99 A. 212, that it was not material that the insured did not have a perfect legal title.

The defendant attacks the plaintiff's good faith and motive in including the lease and chattel mortgage in the bankruptcy action. However suspicious his conduct in that collateral proceeding may seem to the defendant, his testimony respecting those liens was admissible in the case at bar: Fulton v. Lancaster Co., 162 Pa.

294, 302, 29 A. 763.   At most, his alleged inconsistent statements went to his credibility as a witness.

Judgment is reversed, with a procedendo.