## Girard Fire Insurance Company *versus* Braden.

In an action on a policy of insurance to recover for a loss by fire, the plaintiff testified to the value of his stock of goods which had been burned, and that his books and papers had been destroyed in the fire. Witnesses were then called who had experience in selling and estimating the value of goods such as plaintiff sold, who gave their opinion as to the value of the stock shortly before the fire : *Held*, that as the testimony of these witnesses as to the value of the stock of goods was in corroboration of the account of the plaintiff it was a case in which their evidence as experts was properly admitted to go to the jury under the discretion which the court necessarily exercises on that subject.

November 1st 1880.    Before SHARSWOOD, C. J., MERCUR, PAXSON and STERRETT, JJ.    GORDON, TRUNKEY and GREEN, JJ., absent.

Error to Court of Common Pleas, No. 1, of *Allegheny county :* Of October and November Term 1880, No. 171.

Assumpsit by William H. Braden against the Girard Fire and Marine Insurance Company on a policy of fire insurance. The insurance was for $2500, upon a stock of goods consisting principally of dry goods and such other articles as are usually sold in country stores.

The plaintiff alleged that the value of the stock at the time of the fire was $14,500, and that the loss was $11,650.23, which amount defendant contended was grossly in excess of the value.

The plaintiff further alleged that his bills of purchase had been destroyed by the fire, and that he could not, therefore, give an itemized statement of what was on hand at that time, and his mode of arriving at the value on the witness stand and in his proofs of loss, was to take the value of his stock according to an inventory, which he said he had made on the 7th of March 1878,.

15 NORRIS—6

and add to the amount of that inventory what he estimated he had afterwards bought down to the time of the fire, and deduct what he claimed to have sold in the meantime. The balance he claimed was the value of the stock. The amount of purchases made between the date of the inventory and the date of the fire, he said he arrived at by referring to some unpaid bills in his possession, and to his bank account. The checks which had been drawn upon his bank account were not produced on the trial, but were also alleged to have been destroyed by the fire.

At the trial, before Bailey, A. L. J., the plaintiff produced witnesses in order to show the value of his stock of goods at the time of the fire. One of these witnesses was a wholesale dealer in notions, with an experience of sixteen years, who had sold goods to Braden and had been in his store a number of times. Another kept a similar country store. A third was a travelling salesman for a large wholesale firm in Philadelphia, and a fourth a prominent auctioneer whose business had principally consisted in the sales of the goods of stores. These witnesses had all seen the stock shortly before the fire. They were permitted under objection to give their opinion of the gross value of the stock prior to the fire, from the appearance of the store as they had seen it, and from their experience in selling and estimating the value of goods. They all estimated the value at about $12,000.

The verdict was for the whole of the plaintiff's claim, when the company took this writ and alleged that the court erred in admitting the testimony of the above witnesses.

*Thomas C. Lazear* and *John Dickson*, for plaintiff in error.— Not one of the witnesses was conversant with the value of all the articles in the store, nor did one of them know what quantity, quality or description of goods were there, in respect to which they claimed to have some knowledge of value. How could their knowledge of the value of a part enable them to judge of the value of the whole, and how could they judge even of the value of a part without knowing of what that part consisted?

*George Shiras, Jr., Knox & Reed* and *J. L. Judson*, for defendant in error.—The counsel for plaintiff in error have confounded the competency of the witnesses with the sufficiency of their testimony. Whether they were competent to form an opinion and testify to an estimate of the stock was one thing, and was for the court; whether that estimate when made was of any value and entitled to any weight was another thing, and was for the jury. It will appear from the history of the case that the plaintiff had already testified in detail to the value of the stock, giving items, both as to quality and value. These witnesses were called to corroborate the plaintiff, not as to the items embraced in his loss, but as to

[Girard Fire Ins. Co. v. Braden.]

the general appearance and value of the stock. But the admission of the testimony of these witnesses falls within the rule laid down in Ardesco Oil Co. v. Gibson, 13 P. F. Smith 146, and Sorg v. First German Congregation, 13 Id. 156, that "whether a witness is an expert, qualified to pronounce an opinion, must, in a great measure, be confided to the discretion of the court below trying the cause, and we will not reverse either on account of the admission or rejection of such evidence, unless in a clear and strong case."

The judgment of the Supreme Court was entered, November 15th 1880,

PER CURIAM.—The plaintiff below had been examined as to the amount and value of his stock consumed by fire. His books and papers had all been burnt. The testimony of the witnesses as to their opinion of the value was in corroboration of his account, and we think it was a case in which their evidence as experts was properly admitted to go to the jury under the discretion which the court necessarily exercised upon that subject. We never reverse either for the admission or rejection of such evidence unless in a clear and strong case.

Judgment affirmed.