## Kearney *v.* Security Ins. Co., Appellant.

*Insurance—Fire insurance—Proof of loss—Waiver—Pleading.*

Where an insured under a policy of fire insurance prepares a very complete list of articles injured or destroyed by fire with their value, and the list is submitted to the local agent of the company who had requested it, and the latter retains it, and thereafter the adjuster of the company goes to the insured and objects to the value placed upon the articles and offers a smaller amount in settlement, but makes no objection that the proof furnished was unsatisfactory, the insurance company, in an action against it, will not be heard to defend on the ground that the proofs of loss submitted were not in compliance with the terms of the policy.

The sufficiency of the evidence to support a waiver as to proof of loss is for the court. Whether such a waiver is proved is for the jury.

In an action upon a fire insurance policy it is not necessary that plaintiff in order to plead a valid contract of insurance should aver in his statement that the defendant had waived the right to demand proof of loss. The plaintiff is not barred from offering evidence of the waiver at the trial although no reference is made to it in his statement.

A claimant against an insurance company is not barred from recovery because through a misapprehension of the identity of certain articles, or because of some other mistake he includes such articles in his proofs of loss, although they were not in fact injured or destroyed.

Where the court admits imperfect proofs of loss and subsequently refuses to strike them from the record, such action is not reversible error, if it appears that the insured had furnished a list of the articles destroyed, that the adjuster had used the list to check up the loss and had visited the plaintiff's premises with the list in hand. The paper admitted bore upon the question of waiver and was properly allowed to remain as a part of the record.

*Practice, C. P.—Charge—Harmless error.*

A judgment will not be reversed because of an erroneous remark made by the trial judge where it appears that such remark, although not justified, was in fact harmless.

Argued March 8, 1917. Appeal, No. 23, March T., 1917, by defendant, from judgment of C. P. Lacka-

180 KEARNEY *v.* SECURITY INS. CO., Appellant.

Statement of Facts—Charge of Court below. [67 Pa. Superior Ct.
wanna Co., Oct. T., 1912, No. 657, on verdict for plaintiff in case of John Kearney v. Security Insurance Company of New Haven, Conn. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit on a policy of fire insurance. Before EDWARDS, P. J.

From the record it appeared that the plaintiff held a policy of fire insurance of the defendant company on his furniture to the amount of $2,000. On February 11, 1912, a fire occurred on his premises, and subsequently at the request of the local agent he made out a list of the articles injured or destroyed with their value. The adjuster of the company went to the plaintiff's house with the list in hand, and used it in checking up the loss. He objected to the value put upon the articles, but made no objection as to the form of the proof. At the trial the court admitted under objection and exception the list made out by the plaintiff. (1) The defendant objected that the proofs of loss were not in compliance with the terms of the policy. The plaintiff claimed that the company by its conduct had waived the requirement of the policy as to the proofs of loss. Other facts appear by the opinion of the Superior Court.

The court charged in part as follows:

["Now you would think from that statement of mine that that should be the end of the case; but it is not, because if there was anything the matter with the proof of loss that was left in Mr. Fitzsimmons' office, providing that you find that it was left there, and if Mr. Stuart, who represented the company, saw it and had it in his hands, and he thought then it was insufficient, too informal, that there was something the matter with it, then it was his duty to inform Mr. Kearney of that fact so that he could make a proper proof of loss. But instead of that, according to Mr. Stuart's own testimony, what do they do? He takes a list of the goods, he goes

up with Mr. Kearney to the house on Diamond avenue, and he figures and estimates how much the loss is on these different articles, and then he makes him an offer of about four hundred dollars. That is a recognition of liability on the part of the company, and the failure of the company, through Mr. Stuart, to demand additional proofs of loss or different proofs of loss, if you believe the facts, constituted a waiver, and, therefore, that question is out of the case, and the only question left then is, how much was Mr. Kearney's damage in this case?

"That, I apprehend, is the real question in this case, how much has the plaintiff suffered?"]   (10)

["Was that such a proof of loss as the policy required him to give to Mr. Fitzsimmons, the local agent?   There is a dispute in the testimony as to the character of that paper. Mr. Fitzsimmons says that there was no such paper furnished at all to him such as is testified to by Mr. Kearney. Mr. Kearney, I think, testifies that there was such a paper and that it was sworn to by him. The paper appears here to-day without any affidavit, without any evidence of its ever having been sworn to. You remember the testimony with regard to the notary public, that this affidavit was taken before a notary public, before a young lady, I think they mentioned the name of Miss Lynch. I don't know whether Miss Lynch is around here or not at the present time, but it would have been very desirable for both sides, one as well as the other, to have Miss Lynch here so that she could testify whether there was an affidavit of that kind attached to that paper. You cannot blame one side more than the other on that proposition because if Miss Lynch came here and said that she never swore Mr. Kearney to such a paper, or if she came and said that she did swear Mr. Kearney to such a paper, then, of course, the matter would be very definitely settled, especially in my mind, as to whether the required proof of loss was served upon Mr. Fitzsimmons within the twenty days."

Mr. Mumford: "I think your honor must have mis-

Charge of Court below—Arguments. [67 Pa. Superior Ct.

understood the testimony of Mr. Kearney. He was asked on cross-examination if the young lady who took the acknowledgment was Miss Lynch or Miss Driesen, and he said it was not, but he didn't know who the lady was."

The Court: "She was a tall lady and she had black hair."

Mr. Mumford: "Yes, but it was neither Miss Lynch nor Miss Driesen."

The Court: "It would have been very easy for you to have called the two girls. I think you are one about as weak as the other on that proposition."] (11)

Verdict and judgment for plaintiff for $1,247.50. Defendant appealed.

*Errors assigned,* among others, were (1) rulings on evidence quoting the bill of exceptions; (10) above instructions quoting them. (11)

*H. W. Mumford,* for appellant.—The plaintiff having alleged compliance and not waiver, should not have been permitted to prove waiver: Fidelity Co. v. Gate Nat. Bank, 25 S. E. Rep. 392; Penna. Fire Ins. Co. v. Dougherty, 102 Pa. 568.

Even if evidence tending to show waiver could have been introduced, the evidence offered was insufficient: Mueller v. South Side Fire Ins. Co., 87 Pa. 399; Welsh v. London Assurance Corporation, 151 Pa. 607; Hess v. Hartford Fire Ins. Co., 38 Pa. Superior Ct. 158.

The defendant complains further that the court admitted in evidence the inventory, so-called proofs of loss, when offered, for the purpose of showing compliance, and refused to strike the same from the record, but that at the same time, in his charge to the jury, he instructed the jury, as a matter of law, that the plaintiff had not complied: Lapcevic v. Lebanon Mut. Ins. Co., 40 Pa. Superior Ct. 294.

The question of waiver is always a question of fact

and not of law and is, therefore, for the jury under adequate instructions: 'Thierolf v. Universal Fire Insurance Co., 110 Pa. 37; Wickham v. Wickham, 12 Atl. Rep. 880; Gold v. Dwelling House Ins. Co., 134 Pa. 570; Bonard v. Ins. Co., 129 Pa. 558; Coursin v. Penna. Ins. Co., 46 Pa. 323.

*M. J. Martin*, for appellee.—It is for the jury to determine whether the insured made an error in his valuation without intending anything dishonest: Post v. American Central Ins. Co., 51 Pa. Superior Ct. 352; Susquehanna Mut. Fire Ins. Co. v. Staats, 102 Pa. 529.

"A particular statement of the loss may be waived by the company, and if there be any evidence from which such a waiver may be inferred, it is for the jury": Farmer's Mut. Ins. Co. v. Taylor, 73 Pa. 342, 353; Fritz v. Lebanon Mut. Ins. Co., 154 Pa. 384; Lycoming Ins. Co. v. Schreffler, 42 Pa. 188; Gould v. Ins. Co., 134 Pa. 570; Snowden v. Kittanning Ins. Co., 122 Pa. 502; Home Ins. Co. v. Davis, 98 Pa. 280; Eckert v. P. R. R., 211 Pa. 267; Edelman v. Moser, 60 Pa. Superior Ct. 637, 640; Commercial Union Ins. Co., Etc., v. Hocking, 115 Pa. 407; Inland Ins., Etc., Co. v. Stauffer, 33 Pa. 397; Farmers Mut. Fire Ins. Co. v. Moyer, 97 Pa. 441; Gartsee v. Citizens Ins. Co., 30 Pa. Superior Ct. 602.

OPINION BY TREXLER, J., July 13, 1917:

The court below found that the proofs of loss submitted were not in compliance with the terms of the policy, but told the jury that if certain facts were believed they might find a waiver. It appears that the insured prepared a very complete list of the articles injured or destroyed with their value. This was done at the request of the local agent. The list was submitted to the local agent who retained it. Shortly thereafter the adjuster of the company who had full power to act in the premises came with the local agent to plaintiff's place where the loss had occurred and with the list that plaintiff had fur-

nished went over the figures, demurred at the prices fixed as being too high and offered a smaller sum in settlement. No suggestion was made that the proof furnished was not satisfactory. A few days afterwards the local agent sent for the insured and renewed the offer of settlement and it being declined the agent asked him to call again. The objection urged to the claim was that it was too high. The adjuster stated that the only matter in dispute at the time was that the claim was for a larger amount than he thought it should have been. Later on plaintiff met the adjuster of the company who told him he had lost his list and that plaintiff should furnish another one, which was done. These are the principal facts on plaintiff's side as they appear upon the record and we think they were sufficient to show a waiver of the furnishing of proofs of loss. The company apparently gained by its conversation with the plaintiff and its inspection of the loss substantially all the information which should have been contained in the proof of loss if made strictly in compliance with the policy. The insured at the request of the agent in good faith made an effort to comply with the conditions of the policy as stated before. No objection was urged except as to the amount of the claim. The silence of the representatives of the company when fair dealing required speech, caused the plaintiff to proceed and incur costs in bringing suit. We have a number of authorities that hold that a course of conduct such as is outlined above constitutes a waiver of the failure to present formal proofs: Weisberger v. Western R. Ins. Co., 250 Pa. 155. The remarks of Justice Mitchell in Gould v. Ins. Co., 134 Pa. 570, an oft quoted case, apply to that before us. "That a statement was furnished within the stipulated time is admitted but that it was not such as the policy required we must assume as the learned judge so charged the jury. There is however nothing to show that it was not in good faith intended by the plaintiff as a compliance with the requirement of the policy. Under

such circumstances it has often been declared by this
court that it is the duty of the insurance company, if it
means to rely upon failure to comply with this stipu-
lation, to give immediate notice of its objection pointing
out the defects, etc."

The sufficiency of the evidence to support a waiver is
for the court. Whether such a waiver is proved, is for
the jury: Brumbaugh v. Home Mut. Fire Ins. Co., 20
Pa. Superior Ct. 144; Stewart v. General Acc. Ins. Co.,
39 Pa. Superior Ct. 396, and cases therein cited. The
complaint is made that the learned trial judge did not
submit the question of waiver to the jury. It is stated
that at one point of the charge the judge uses language
which would seem to definitely declare that there was a
waiver. We think the charge as a whole does not bear
out this idea. We quote a part of the charge referring
to certain acts of the company. "That is a recognition of
liability on the part of the company, and the failure of
the company, through Mr. Stuart, to demand additional
proofs of loss or different proofs of loss, if you believe
the facts, constituted a waiver and therefore that question
is out of the case, and the only question left then is, how
much was Mr. Kearney's damage in this case? That, I
apprehend, is the real question in this case, how much
has the plaintiff suffered?" This considered alone might
create some confusion but later on in the charge we find
the following: "Now, gentlemen, exercise the best judg-
ment that you can, deal fairly on both sides, and if you
find that the facts which I first referred to as constituting
a waiver, if you find them in favor of the plaintiff, then
it will be your duty to return a verdict for this plaintiff
for such sum as will compensate him for his actual loss
according to the rule and standard that I have laid down
to you." This last instruction cured any ambiguity in
the first.

Plaintiff's statement alleges compliance with the
terms of the policy. At the trial he failed to prove that
he complied with the policy as to furnishing proofs, but

relied upon a waiver of the conditions of the policy. Defendant claims that there is a variance between the statement and the proof and that testimony as to the waiver therefore should not have been admitted. It has been held in Hess v. Hartford Fire Ins. Co., 38 Pa. Superior Ct. 158, that in an action upon a fire insurance policy it is not necessary that plaintiff in order to plead a valid contract of insurance should aver in his statement that the defendant had waived the right to demand proof of loss. The averment not being an essential part of plaintiff's statement, we do not think that he is barred from offering evidence of it at the trial although no reference is made to it in his statement. "The assertion in the narr that regular proofs of loss were duly furnished by the company becomes immaterial and may be treated as surplusage hence the question of a variance between the allegata and probata does not arise": Pennsylvania Fire Co. v. Dougherty, 102 Pa. 568. See also Ben Franklin Fire Ins. Co. v. Flynn, 98 Pa. 627 (636).

Objection is made to the fact that the court refused to affirm without qualification a point submitted by the appellant that two of the articles contained in plaintiff's list of articles that had been destroyed were not destroyed but were afterwards used by plaintiff. The court stated that if plaintiff committed intentional fraud he could not recover. We think this was a correct statement of the law. We will not hold that a claimant against an insurance company who through a misapprehension of the identity of the articles or through some other mistake includes such articles in his proofs cannot recover. In Franklin Fire Ins. Co. v. Updegraff, 43 Pa. 350, it was held that to create a forfeiture under a clause in the policy declaring that false swearing or fraud shall cause a forfeiture of all claims against the insurer, the false swearing must be done wilfully and knowingly with a view to defraud the company. We followed this case in Post v. Amer. Central Ins. Co., 51 Pa. Superior

Ct. 352, and Robson v. Penna. Mut. L. S. Ins. Co., 57 Pa. Superior Ct. 491.

The defendant complains that the court under a misapprehension of the testimony, stated that defendant was derelict in failing to call certain persons who could testify upon a point in the case which was obscure. This did not harm the defendant. The court did make the remark complained of but attributed the want of diligence or whatever it may be to both parties to the suit and characterized their action as "weak" in this regard. There was no justification for the remark as far as we can find from an examination of the testimony but it was harmless.

The court admitted the imperfect proofs of loss and afterwards held that they were not in compliance with the policy but refused to strike them from the record. We find no error in this. Plaintiff's proof was that the adjuster of the company used the list furnished by the plaintiff in checking up the loss. The paper furnished some evidence toward the conclusion that although the formal proofs had not been furnished that the company by means of the paper and the visit to the premises obtained substantially the same information that it would have had if formal proofs had been furnished. All this bore upon the question of waiver and we think the paper was properly allowed to remain part of the record.

All the assignments of error are overruled and the judgment is affirmed.