# Allegro *v.* Rural Valley Mut. Fire Ins. Co., Appellant.

*Insurance—Fire insurance—Loss of bills and books—Evidence— Value of merchandise—Discontinuing business—Cross-examination.*

1. In an action on a policy of fire insurance, where plaintiff's evidence is to the effect that all his books, bills, etc., were destroyed by fire, it is competent for him to establish the value of his merchandise as a whole by the estimates of those familiar therewith and with the value of such property.

2. Who are competent to express opinions on such subject, is a question resting largely in the discretion of the trial judge, with which an appellate court cannot interfere except in a clear and strong case.

3. In such suit, it is not material whether the assured desires to continue in the mercantile business, and cross-examination on such subject is properly excluded.

*Insurance—Fire insurance—Other insurance—Parol agreement —Affidavit of defense—Admissions—False swearing.*

4. Where in an action on a fire policy, it is admitted in the affidavit of defense that the defendant insured the property in question as set forth in the statement of claim, it is not competent for defendant to offer evidence of a parol agreement that the policy should become effective only if plaintiff had no other insurance.

5. In such suit, false swearing by the insured, in making proofs of loss, must, in order to defeat his claim, be shown by the insurance company to have been done wilfully and knowingly, and with intent to cheat and defraud the company.

*Practice, C. P.—Jury—Requests for further instructions—Absence of party.*

6. The mere fact that at the jury's request the court gave them further instructions, in the absence of one of the parties, will not

entitle such party to a new trial, unless something occurred to his prejudice.

*Appeals—Charge—Assignments of error—Exceptions—No request to reduce charge to writing and file it.*

7. The charge of the court and parts thereof cannot be assigned as error, where there has been no request that the charge be reduced to writing and filed of record.

Argued September 29, 1920. Appeal, No. 128, Oct. T., 1919, by defendant, from judgment of C. P. Jefferson Co., Nov. T., 1919, No. 205, on verdict for plaintiff in case of Charles Allegro v. Rural Valley Mutual Fire Insurance Co. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Assumpsit on policies of fire insurance. Before COR-BET, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,692. Defendant appealed.

*Errors assigned* were various rulings and instructions appearing by the opinion of the Supreme Court, quoting the record.

*W. L. McCracken,* with him *W. B. Adams* and *J. C. Long,* for appellant, cited on the question of fraud and false swearing: Ellis v. Ins. Co., 7 Pa. Superior Ct. 264; Claflin v. Ins. Co., 110 U. S. 76; Kaine v. Weigley, 22 Pa. 179; Orr v. Peters, 197 Pa. 606; Redfield Co. v. Dysart, 62 Pa. 62.

*Lex N. Mitchell,* with him *Charles J. Margiotti, Mitchell & Morris* and *Miller & Hartswick,* for appellee, cited, as to the proof of the value of merchandise: Mish v. Wood, 34 Pa. 451; Thompson v. Boyle, 85 Pa. 477; Girard Fire Ins. Co. v. Braden, 96 Pa. 81; Follansbee v. Garrett-Cromwell & Co., 48 Pa. Superior Ct. 183; Sulkin v. Gilbert, 218 Pa. 255.

As to fraud: Jacoby v. Ins. Co., 10 Pa. Superior Ct.
366; Post v. Ins. Co., 51 Idem. 352; Sulkin v.
Gilbert, 218 Pa. 255; Kearney v. Ins. Co., 67 Pa. Superior Ct. 179; Robson v. Ins. Co., 57 Pa. Superior Ct.
491.

OPINION BY MR. JUSTICE WALLING, December 31, 1920:
This is an action of assumpsit on fire insurance policies.  Plaintiff was the owner of a frame building at
Knoxdale, Jefferson County, wherein he conducted a
small general store.  On February 6, 1919, the building
and contents were destroyed by fire.  He then held two
policies, previously issued to him by defendant, amounting to $1,200 on the building and $3,000 on the contents.
Notice of the fire was given defendant and proofs of loss
submitted, but payment was not made by reason of plaintiff's alleged fraud.  He held at the same time a policy
of $1,100 in the Hartford Fire Insurance Co., on his merchandise, and one of $1,500 on the merchandise and
$1,000 on the building in the Springfield Fire and Marine
Ins. Co., making a total insurance greatly in excess of
the value of the property.  None of the companies paid
and the three suits brought against them were tried before the same jury.  Each policy permitted other insurance but contained the standard clause that, "This entire policy shall be void if the insured has concealed or
misrepresented any material fact or circumstance concerning this insurance or the subject thereof; or in case
of any fraud or false swearing by the insured touching
any matter relating to this insurance or the subject
thereof, whether before or after a loss."  Defendant's
adjuster testified that he asked plaintiff if he had any insurance, except that carried by defendant, and received
a negative answer.  The adjuster also testified that he
prepared proofs of loss containing an averment that
there was no other insurance, which were signed and
sworn to by plaintiff, but could not be found at the trial.
The adjuster for the other companies testified that he

was informed by plaintiff that he had no insurance aside from that in the Hartford and Springfield companies. There were other circumstances tending to show fraud, and the evidence for defendant is to the effect that plaintiff over-insured his property and fraudulently sought to have the loss so adjusted as to recover double insurance. Practically all of defendant's evidence was contradicted by that of plaintiff and his son. The cases were submitted to the jury who found against each company for its pro rata share of the loss. Judgments having been entered thereon, defendant brought this appeal.

An examination of the record discloses no cause for reversal. Plaintiff's evidence was to the effect that all his books, bills, etc., were destroyed by the fire. Therefore, it was competent for him to establish the value of his merchandise as a whole by the estimates of those familiar therewith and with the value of such property: Girard Fire Insurance Co. v. Braden, 96 Pa. 81. Who are competent to express opinions on such subject is a question resting largely in the discretion of the trial judge, with which an appellate court cannot interfere except in a clear and strong case: Ryder v. Jacobs, 182 Pa. 624; D. & C. Steam Towboat Co. v. Starrs, 69 Pa. 36; Sorg v. First German Congregation, 63 Pa. 156.

It was not material whether plaintiff desired to continue in the mercantile business and, hence, the proposed cross-examination as to that was properly excluded.

In view of the admission in the affidavit of defense that the defendant insured plaintiff's property, as set forth in the statement of claim, it was not competent for defendant to offer evidence of an alleged parol agreement that the policies should only become effective if the plaintiff had no other insurance. It is not necessary to decide whether such evidence would have been otherwise competent.

The mere fact that at the jury's request the court gave them further instructions in the absence of a party, will not entitle him to a new trial, unless something oc-

curred to his prejudice: Cunningham v. Patton, 6 Pa. 355. Here the colloquy between court and jury, fully reported, discloses nothing of which defendant can justly complain.

It was not error to instruct the jury that false swearing by the insured, in making proofs of loss, in order to defeat his claim, must be shown by the insurance company to have been done wilfully and knowingly and with intent to cheat and defraud the company: Franklin Fire Insurance Co. v. Updegraff et al., 43 Pa. 350; Post v. American Central Ins. Co., 51 Pa. Superior Ct. 352; Jacoby v. Insurance Co., 10 Pa. Superior Ct. 366; 19 Cyc. 678, 685.

The charge of the court and also certain parts thereof are assigned as error; but, unfortunately, cannot be considered as there was no request that it be reduced to writing and filed of record: Sikorski v. Phila. & R. Ry. Co., 260 Pa. 243, 252; Sgier v. Phila. & R. Ry. Co., 260 Pa. 343, 348, and cases there cited.

The other questions raised do not seem to require special mention.

The assignments of error are overruled and the judgment is affirmed.