## Williams v. Citizens Casualty Company.

*Insurance—Life insurance—Pleading—Sufficiency of statement of claim—Alleging proofs of death on blanks of company—Waiver of clauses in policy—Demurrer.*

1. Where the beneficiary of a life insurance policy alleged in his statement of claim that he had furnished the insurance company with proof of death of the insured on blanks furnished by the company within the time required in the policy, and that no objection had been taken to this proof on the part of the company until the suit was commenced to recover on the policy, even though there is a clause in the policy requiring the insured "to furnish affirmative proofs of death of the insured or the record, verdict and evidence of the coroner's jury," the statement of claim is sufficient to make out a cause of action, and an affidavit of defence in the nature of a demurrer will be overruled.

2. The statement of claim here, although not specifically alleging a waiver of the clauses in the policy by the company, averred sufficient facts for the plaintiff to prove on the trial of the case that the insurance company had waived the clause requiring "affirmative proofs of death," etc.

Statutory demurrer to statement of claim. C. P. Franklin Co., April T., 1926, No. 68.

*Horace S. Segelbaum* and *Arthur W. Gillan,* for demurrer.

*John R. Jackson,* contra.

DAVISON, P. J., July 9, 1926.—On May 18, 1925, the defendant company issued a policy of insurance, by the terms of which it agreed to pay to Alvah R. Williams the sum of $240 in case of death by accident of George H. Williams. To the above number and term, suit was brought by said Alvah R. Williams against said defendant company for said sum of $240, it being alleged in the plaintiff's statement of claim filed in said suit that said George H. Williams had met with death by accident by gun-shot wound on Nov. 5, 1925. This suit was instituted on March 3, 1926, and plaintiff's statement of claim was filed that same day, and both the writ of summons and a copy of plaintiff's statement of claim were served on the defendant company in Harrisburg, Pa., on March 13, 1926. On March 29, 1926, an affidavit of defence under section 20 of the Practice Act of May 14, 1915, P. L. 483, raising questions of law as to the sufficiency of plaintiff's statement of claim, was filed by the defendant, and on May 5, 1926, the plaintiff filed an amended

statement of claim. The matter came on to be heard on the affidavit of defence in the nature of a demurrer so filed.

The reasons assigned as to the insufficiency of the plaintiff's statement of claim were five in number; but when the matter came on for argument, it was stated by counsel for the defendant that the amended statement of claim filed had changed the aspect of the matter since the filing of said affidavit of defence, so that said statement was sufficient as to the first, second, third and fifth reasons assigned, and that the only reason which would be pressed on the argument as to the insufficiency of the said statement of claim was the fourth one set forth in said affidavit of defence. Therefore, the first, second, third and fifth reasons so assigned are overruled. The fourth reason, raising the question of the sufficiency of said statement of claim, is as follows: "That the said statement of claim of the said plaintiff alleges accidental death of the insured, but fails to aver or allege on the part of the said plaintiff, or by any person or persons for or in plaintiff's behalf or stead, either the furnishing of affirmative proofs of death within thirty days from the date of the death of the insured or the record, evidence and verdict of any coroner's inquest, in compliance with and pursuant to the expressed requirements and stipulations of said contract or policy of life insurance." The plaintiff's amended statement of claim, in reference to the filing of the required proofs of death, was contained in paragraph five thereof and was in the following language: "That within thirty days from the date of the death of the insured, George H. Williams, the plaintiff, furnished the defendant's agent, F. B. Miller, Chambersburg, Pa., who had the necessary blanks, all the information required by the plaintiff's agent, and by the forms of the defendant company for the proof of death of the insured, George H. Williams. The defendant's agent filled out the said proof of death and the plaintiff signed and executed the same, and it was duly forwarded, together with the policy of insurance, No. 66156, to the defendant company at No. 9 North Market Square, Harrisburg, Pa., and up until the bringing of this action the defendant company had not objected to the proof of death so furnished or claimed that the same was in any way incomplete and not sufficient proof of death and in compliance with the terms of the policy of insurance and the rules of the defendant company."

The policy of insurance on which this suit was brought, among many other conditions, restrictions and agreements, contained the following: "18. All claimants hereunder shall furnish such proofs of claim at such times and upon such blanks as the company by its president or other authorized officer may deem necessary. Such blanks must contain specific answer to each and every question propounded therein to the claimant, physician, and to all other persons to whom such questions shall be propounded, and must be sworn to when so required by the company. Failure, refusal or inability to furnish such proofs of claim shall annul all claims thereunder. Affirmative proofs of death or disability must be furnished within thirty days from the date of death or termination of disability within the meaning and limitation hereof, and shall contain the record, evidence and verdict of any coroner's inquest, if one be held. The contents of such proofs of death or disability shall be evidence of the facts therein stated in behalf of, but not against, the company. The furnishing of blanks for such proofs shall not be construed in any manner to waive any condition hereof or any of the company's rights or defences."

It is the claim of said defendant company that the statement of claim does not allege the furnishing of the record, evidence and verdict of any coroner's inquest, as required by said eighteenth stipulation of said policy, and that

this is a condition precedent to bringing suit on the policy, and, it not having been pleaded, that the amended statement of claim is defective in substance as a matter of law, and judgment should be entered for the defendant. It is not denied that the said amended statement does allege that proofs of death were furnished within thirty days from the date of the death of the insured. So the only question before us is in reference to not averring that the record, evidence and verdict of the coroner's inquest was furnished as part of said proofs of death. This question might be answered by saying that the proceedings before a coroner, if any, are part of the proofs of death required by said condition of the policy, and when plaintiff avers that he did, within thirty days after the death of the insured, furnish the proofs of death required by the blanks furnished by the company, that his allegation was sufficient to cover all required by that condition. However, the question will be decided by us on other grounds.

A plaintiff's statement of claim must be self-sustaining; that is to say, it must set forth a good cause of action, by which is meant such averments of fact as, if not contradicted, would entitle him to a verdict for the amount of his claim (Acme Manuf. Co. v. Reed, 181 Pa. 382), and if it does not contain such allegation of facts as would justify a judgment for want of an affidavit of defence, then it is not sufficient, and the proper procedure is to file an affidavit of defence in the nature of a demurrer, as was done in the instant case, its effect being to test the sufficiency of the statement of claim.

Is the plaintiff's statement of claim filed in this case sufficient under this test? In approaching this question, we must remember that it has been held by the courts of this State, time after time, that while insurance companies have the right to insist on everything in their contract with the insured being performed by the parties to be benefited by the terms of that contract before they can be required to make payment thereunder, and that they have every right to demand that all the conditions precedent be performed before they are required to make payment under the terms of said policy, yet they, as well as any one else, or any other corporation, may waive the performance of such conditions, or any of them, and that this waiver may be either express or implied. As was said by the court in Gould v. Dwelling House Insur. Co., 134 Pa. 570: "If the insured in good faith and within the stipulated time does what he plainly intends as a compliance with the requirements of his policy, good faith equally requires that the company shall promptly notify him of their objections so as to give him the opportunity to obviate them, and mere silence may so mislead him to his disadvantage to suppose the company satisfied, as to be of itself sufficient evidence of waiver by estoppel." To this same end, see, also, Jenkins v. Franklin Fire Insur. Co., 282 Pa. 380; Whitmore v. Dwelling House Insur. Co., 148 Pa. 405; Bingell v. Royal Insur. Co., 240 Pa. 412; White v. Life Insur. Co., 22 Pa. Superior Ct. 501. And it has been held that, even though the policy contains a stipulation that nothing less than a written agreement endorsed on the policy will suffice to establish a waiver, it is admissible to show by parol testimony a waiver by acts in pais: Mix v. Royal Insur. Co., 169 Pa. 639; Bush v. Hartford Fire Insur. Co., 222 Pa. 419.

In the instant case the proofs of death were furnished within thirty days after the death of the insured; therefore, before Dec. 5, 1925. But it is alleged by the plaintiff that no notice of any defect therein was given to the plaintiff until he learned of it from the filing of the affidavit of defence on March 29, 1926, and this allegation is not denied by the defendant. If this is correct, and for the purposes of this opinion we must so accept it, then,

under the ruling in the cases cited and others, it is a question for the jury to determine whether there was such waiver by the defendant or not. The question which then arises is, if the plaintiff is depending on such a waiver, should he have pleaded it and averred in his statement that the defendant company had waived its rights in said matter by its acts therein. We do not believe that it was necessary for him to plead such a waiver; and if it was necessary, his statement in the fifth paragraph would be sufficient to sustain proof of such waiver on the trial of the case. We prefer, however, to rest the decision on the broader grounds that, in an action on an insurance policy, it is not necessary for the plaintiff in his statement of claim to aver that the defendant had waived the right to demand different proofs of loss than those submitted. We do not believe that such waiver need to be pleaded, but that the facts relied on to show such waiver may be put before the jury without any averment thereof in the statement of claim. This position is justified by Hess v. Hartford Fire Insur. Co., 38 Pa. Superior Ct. 158; Pennsylvania Fire Insur. Co. v. Dougherty, 102 Pa. 568, and Kearney v. Security Insur. Co., 67 Pa. Superior Ct. 179. I am, therefore, of the opinion that the questions of law suggested must be decided against the defendant.

Now, therefore, July 9, 1926, the questions of law raised in said affidavit of defence are decided against the defendant, with leave to file a supplemental affidavit of defence to the averments of fact in the statement of claim within fifteen days from the filing of this opinion.

From King Alexander, Chambersburg, Pa.