## Central Abattoir Company, Inc., Appellant, v. London & Scottish Assurance Corporation, Limited.

*Insurance—Fire insurance—Proof of loss—Increased hazard— Failure to disclose—Lessor—Knowledge—Fraud—Intent to defraud.*

In an action of assumpsit on a fire insurance policy on a property insured as an abattoir and cold storage plant, the policy contained a provision that the insurer should not be liable for loss or damage occurring while the hazard was increased by any means within the control of the insured. The plaintiff subsequently transferred its business to another building and leased the property for assembling wooden boxes, but the lessee manufactured a large quantity of alcoholic liquor on the premises. The proof of loss did not mention this fact. There was some evidence that plaintiff's officers had knowledge of the conduct of the lessee.

Under such circumstances it was error for the court to charge that if the hazard was increased by any means under the control of

328 CEN. ABATTOIR CO., App., *v.* L. & S. ASSUR. CORP.

the insured, or that if there was a false or fraudulent oath in the proof of loss, the plaintiff could not recover. The correct instructions should have been that the policy could be set aside only, if it were found (a) that a false representation or statement was made in the proof of loss and (b) that it was made wilfully and with intent to defraud.

The question of knowledge by the plaintiff's officers of the illegal operations of the tenant was for the jury under proper instructions from the court.

Argued April 14, 1927. Appeal No. 2, October T., 1927, by plaintiff from judgment of C. P. Berks County, November T., 1925, No. 14, in the case of Central Abattoir Company, Inc., v. London & Scottish Assurance Corporation, Limited, of London, England. Before PORTER, P. J., HENDERSON, TREXLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Assumpsit on a fire insurance policy. Before SCHAEFFER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for defendant and judgment thereon. Plaintiff appealed.

*Error assigned,* among others, was the charge of the court.

*Arthur S. Arnold,* and with him *M. Bernard Hoffman* and *Bushong & Craumer,* for appellant.—To render an insurance policy void for fraud and false swearing, such fraud and false swearing must be wilful and with intent to defraud: Hey v. Liability Co., 181 Pa. 220; Allegro v. Rural Valley Mutual Fire Ins. Co., 268 Pa. 333; Kearney v. Security Ins. Co., 67 Pa. Superior Ct. 179; Robson v. Penn Mutual Ins. Co., 57 Pa. Superior Ct. 491; Mastel v. Walker, 246 Pa. 65; Suravitz v. Prudential Insurance Company, 261 Pa. 390; Insurance Company v. Gruver, 100 Pa. 266; Royal

Exchange Assurance Society v. Thrower, 240 Fed. 811;
W. & A. Pipe Lines v. Insurance Co., 145 Pa. 346.

*Horace Michener Schell,* and with him *John Arthur Keppelman,* for appellee, cited: Burns v. Pennsylvania Railroad Company, 239 Pa. 207; Leonard v. Northwestern National Insurance Company, 290 Fed. 318; Diehl v. Insurance Co., 58 Pa. 443; Lang v. Beeber, 106 Pa. 466; McCurdy v. Orient Insurance Co., 30 Pa. 77.

OPINION BY HENDERSON, J., July 8, 1927:

The defense to the plaintiff's action as tried in the court below was two fold: (1) that the policy became void because the hazard was increased by means within the control of the insured; and (2) that the proof of loss contained a false statement as to the use of the premises at the time of the loss. When the property was insured, it was used by the plaintiff as an abattoir and cold storage plant. When the company transferred its business to a new building, it leased the premises to Harry Green "to be occupied for assembling wooden boxes and packing cases." The policy contained a provision that the insurer shall not be liable for loss or damage occurring while the hazard is increased by any means within the control of the insured. Evidence was offered in defense of the action to show that after the lessee went into possession a distillery was established on the premises; that the occupants manufactured a large quantity of alcohol or alcoholic liquor, and that the fire resulted from an explosion growing out of the distilling operation. There was also evidence to the effect that the president and secretary of the plaintiff company were seen going into and coming out of the leased premises frequently during the period of about a month in which the distilling operation was conducted. The proof of loss was sworn to by David

Isecovitz, secretary of the plaintiff company. He was at the premises at the time of the fire and had knowledge then of the existence of the distilling plant. The proof of loss was made several weeks after the fire and contained the statement that the destroyed property was "occupied as abattoir, cold storage and shed and for purposes incident thereto, and for other purposes not more hazardous." This statement, the defendant contended, was false and therefore in violation of that portion of the policy which provides that "this entire policy shall be void if the insured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss." The plaintiff denied knowledge on the part of its officers of the existence of the business actually carried on by the tenant, and the increase of hazard, if any, resulting therefrom. The court charged the jury that the plaintiff was entitled to recover unless the defendant satisfied the jury by the weight of evidence that its hazard was increased by means within the control of the insured "or that there was a false statement or swearing in this proof of loss," but that if they should find that the hazard was increased by any means under the control of the insured "or that Mr. Isecovitz made a false or fraudulent oath in the proof of loss" then the plaintiff was not entitled to recover. The appellant's principal contention is that the charge with respect to a false statement in the proof of loss was not in accordance with adjudicated cases on the subject, and was misleading in that it did not contain the instruction that to avoid the policy the jury must find that the statement or representation was not only false, but that it was wilfully and fraudulently made by the insured. It is conceded by the trial judge in the opinion filed on

the motion for a new trial that the charge was defective
in this respect, and this admission was necessarily
made in view of the judgment in Allegro v. Rural Val-
ley Mutual Fire Ins. Co., 268 Pa. 333, where it was held
that false swearing by the insured in making proof of
loss would not defeat the claim unless it had been done
wilfully and knowingly and with intent to cheat and
defraud the company. The same statement of the law
was made in Franklin Fire Ins. Co. v. Updegraff, 43
Pa. 350. The subject was before this court in the case
of Kearney v. Security Ins. Co., 67 Pa. Superior Ct.
179, where a like view of the law was expressed. It is
said that the charge was defective merely and that if
further instructions on the subject were desired, it was
the duty of the plaintiff's counsel to request them.
We do not so regard it however. There was omitted
from the charge the important instruction that the
statement or representation must have been false, and
that it was made intentionally and for the purpose of
defrauding the defendant. The jury may have found,
and probably did find, under the court's instruction,
that the policy was avoided by the conduct of the secre-
tary of the company in making a false statement with
respect to the character of the occupancy of the prem-
ises at the time the fire occurred. It cannot be said,
therefore, that the charge was inadequate merely. It
was clearly misleading and directed the minds of the
jury to a view of the case which, if followed, would not
sustain a verdict for the defendant. The court de-
clined to regard this defect in the charge as important
for the reason that he should have given binding in-
structions for the defendant. As the request on behalf
of the defendant for such instruction was refused, and
the plaintiff was not heard with respect thereto, we
think it plain that this reason for refusing a new trial
is without foundation. The jury should have been
instructed with respect to this branch of the case that

the policy could only be set aside when it was found from the evidence (a) that a false representation or statement was made in the proof of loss, and (b) that it was made wilfully with intent to defraud. The 12th assignment is therefore sustained.

The instruction with reference to the increased hazard resulting from the change of occupancy was in harmony with the terms of the contract. There was a denial of knowledge by the plaintiff and there was evidence tending to show knowledge of some of the officers of the plaintiff of the character of the business carried on within the leased premises. It was for the jury to say whether the evidence for the defendant, showing the presence of these officers in the plant frequently during the tenancy under the lease, warranted the conclusion that they had knowledge of the business then carried on. The nature of that business seems to have been understood in the neighborhood by persons not interested in the property, and it is not a violent inference that the officers of the company when on the premises had an opportunity to learn what their tenant was doing. It may not have been necessary, as contended by the appellant's counsel, that the plaintiff should have sought for information on the subject, but if it came to the company through its officers by any means, it is chargeable with the effect of such knowledge. The property was leased for the assembling of wooden boxes and packing cases, and there was an implied covenant that it was to be used for that purpose. The lease gave the lessor the election to terminate the lease and reenter the demised premises "without previous notice or demand," in case the covenants of the lessee were not fully kept and performed, and if officers of the lessor had knowledge of the character of the business carried on and failed to exercise the authority of the lease because of a use of the premises radically different from and more hazardous than that

contemplated by the lessor, notice of such fact is attributable to the plaintiff, and an action could not be sustained on the policy. The question of knowledge by the plaintiff's officers is one for the jury under proper instructions from the court. The objection that a landlord has no authority to enter the leased premises except for the collection of the rent is not applicable, if, as shown by the defendant's evidence, the landlord's officers were frequently there. When we consider the magnitude and character of the business which the tenant engaged in, it cannot be declared as a matter of law that there was no question for the jury on the propositions submitted by the court.

The judgment is reversed with a venire facias de novo.