## Automobile Banking Corp., to use, v. Export Insurance Co.

*Carl B. Shelley* and *John E. Myers*, for plaintiff.
*Arthur S. Arnold* and *Jacob M. Goodyear*, for defendant.

BIDDLE, JR., P. J., March 6, 1928.—The present action was started to recover the damages alleged to have been suffered through the theft and subsequent destruction by fire, on Nov. 26, 1925, of an automobile which was insured against loss by theft or fire by the defendant corporation. The case came up for trial on May 19, 1927, and, owing to the condition of the pleadings, the evidence of the plaintiff necessary to support its claim was excluded, not because the evidence was not generally competent, but because, under the pleadings as they then stood, it was not admissible, not having been properly suggested in the pleadings; and, on May 20, 1927, the court, on motion of counsel for the plaintiff, withdrew a juror and continued the case, directing that the costs of the term should be paid by the plaintiff. These costs have not yet been paid. Subsequently, on Nov. 21, 1927, the plaintiff presented an amended statement and asked permission of the court to file the same, and, on that date, a rule to show cause why such permission should not be given was granted. To this rule an answer was filed by the defendant objecting to the allowance of the amended statement on a number of grounds, the most important being that the amended statement introduced a new cause of action after the date on which an action on the policy of insurance issued by it could have been brought on account of the loss of the particular automobile in question. Other objections were that the proposed amended statement of claim violated the provisions of the Practice Act in a number of respects. It

is not necessary to discuss all of these points at the present time. The answer to the rule also objected to the allowance of the amended statement of claim on the ground that the costs as imposed in May, 1927, had not been paid by the plaintiff. We regard this last objection as well taken and as raising an insuperable objection to the allowance of the plaintiff's request at this time; and the pending rule will, therefore, have to be discharged.

As the discharge of the rule, however, will be without prejudice to the right of the plaintiff to renew the application after the payment of the costs of the May Term, it may be well to outline briefly our views on some of the other objections raised by the defendant, the most important one being, as we have said, that the amended statement of claim would introduce a new cause of action after the time within which the plaintiff could have brought an action on the policy of insurance. As regards the principle involved, there is no room for doubt. If the amended statement does introduce a new cause of action, it would have to be refused. If it does not, then it may be allowed, unless some other valid objection is raised. In the original statement, it was alleged that the use-plaintiff was the owner of the automobile in question at the time of the issuance to him of the policy declared upon, and the policy declared upon was a certificate issued to him on July 3, 1925; that certificate declaring that under policy B-203 of Export Insurance Company issued to Automobile Banking Corporation, the use-plaintiff's automobile was insured for a sum not exceeding $1360, and that "the automobile described is fully paid and is not mortgaged or otherwise encumbered except as follows: Subject to a note of $1251.36 secured by Pennsylvania lease held by the Automobile Banking Corporation." The proposed amended statement sets out that the use-plaintiff was at the time of the issuance of this certificate the equitable owner of the automobile in question under a bailment lease from the Automobile Banking Corporation which held the legal title, the use-plaintiff having the right to purchase for one dollar at the expiration of the lease upon his full compliance with its terms, and that he had fully complied with the terms of the lease. It also set out in full not merely the certificate issued to him personally, but the policy B-203 issued to the Automobile Banking Corporation, which is referred to in his certificate. The amended statement also set out that, subsequent to the theft and destruction of the automobile in question, the defendant company had promised to pay to him the full amount of the insurance, but did not set out when this was done nor by whom the alleged promise was made, nor the manner in which it was made. So far as this last averment is concerned, if it was intended to use it as a basis of a recovery against the defendant, it would clearly constitute a new cause of action, and should, therefore, be refused: Grier *v.* Assurance Co., 183 Pa. 334.

At the argument of the case, the plaintiff contended that the purpose of this paragraph was to show a waiver by the defendant of strict compliance by the plaintiff with some of the terms of the policy of insurance. For this purpose it would not be objectionable, but the purpose should clearly appear in the pleadings; and it would probably be better to omit it altogether, as the plaintiff would be allowed to show this waiver on the trial even without referring to it in the statement of claim: Kearney *v.* Security Ins. Co., 67 Pa. Superior Ct. 179.

The other changes, namely, the specific averment of the manner in which the use-plaintiff was interested and the setting out in full of policy B-203 issued to the Automobile Banking Corporation, we do not regard as setting up a new cause of action; and these changes would not, therefore, be objectionable on this ground. Notice of each one was given in the original state-

ment of claim, because the copy of the certificate mentioned in the original statement contains a specific reference to policy B-203 and shows that the certificate in question depends upon it for its force and effectiveness, and the setting it out in full, therefore, simply supplies a defect in the original pleading and does not introduce new subject-matter. So, as to the averments in regard to the manner in which the use-plaintiff held the automobile in question, the certificate which is attached to the original statement shows that the use-plaintiff held under a Pennsylvania lease from the Automobile Banking Corporation, and the definite averment in the amended statement of claim, therefore, simply sets out clearly and fully what was plainly suggested by the original pleading. The effect of these changes is not to shift the cause of action, but merely to put the use-plaintiff in a position where he may introduce the testimony which is essential to the support of his claim.

". . . the true criterion is whether the alteration or proposed amendment is a new and different matter, another cause of controversy, or whether it is the same contract or injury and a mere permission to lay it in a manner which the plaintiff considers will best correspond with the nature of his complaint and with his proof and the merits of his case:" Cassell v. Cooke, 8 S. & R. 287; Wilhelm's Appeal, 79 Pa. 120, 135.

The purpose of the original action was, as we have said, to recover the loss suffered through the destruction of a particular automobile which was covered by an insurance policy issued by the defendant and in which both legal and use-plaintiff were interested. Notice of that was clearly given in the original statement. The amended statement, if filed, would seek to recover the same damages for the loss and destruction of the same automobile at the time mentioned in the original statement and to the extent indicated by the same policy of insurance issued by the same defendant. The purpose of the amendment is to permit the plaintiff to introduce the testimony that was offered at the original trial and which was then excluded, as we have said, because the pleadings in the shape in which they stood at that time did not comply with the provisions of the Practice Act in a manner to permit that particular testimony to be offered; and this, we think, is doing what was said by the Supreme Court above, to wit, laying the claim in a manner that will best correspond with the nature of his complaint and with his proof. In one of the latest cases on the subject, Goldberg v. Friedrich, 279 Pa. 572, the Supreme Court said: "The tests to be applied when the question presented is whether an amended statement presents a new and different cause of action are, would a judgment bar any further action on either, does the same measure of damages support both, is the same defense open in each, and is the same measure of proof required?"

In the instant case, if these tests are applied to the original and the proposed amended statement, the answer in each instance would be in the affirmative, and that being the case, it would necessarily follow that a new cause of action is not set up by the other changes sought in the amended statement of claim.

Some of the objections to the allowance of the amended statement of claim go rather to the form than to the substance of the amendments, contending that a number of paragraphs violate the provisions of the Practice Act of 1915. We think that some of these objections are well taken, but we also think that they should not be raised or passed upon in the present proceeding. If the amended statement is allowed, it will still be open to those objections, which should be raised, some on a motion to strike off the statement of claim as not in compliance with the Practice Act and some on a rule for a more specific statement. It is possible, however, that, if the plaintiff renews the

application hereafter, a closer study of the matters involved will induce him to meet the objections raised or to obviate them so that any discussion of these matters would become unnecessary, and it is, we think, out of place at the present time.

And now, March 6, 1928, the rule to show cause why the plaintiff should not be allowed to file an amended statement of claim is discharged, at the cost of the plaintiff, without prejudice, however, to the right of the plaintiff to renew the application after the costs of the May, 1927, term of court have been paid.                          From Francis B. Sellers, Carlisle, Pa.