## Donio et ux. v. Huberman et al.

*W. G. Schmidt*, for plaintiffs.

*E. M. Biddle* and *M. A. Foley*, for defendants.

*J. J. McDevitt, Jr.*, for additional defendant.

ALESSANDRONI, J., May 6, 1936.—This action was originally brought by plaintiffs against defendants, Ralph Huberman, the owner of the car, and Ephraim Kirkpatrick, as the driver of the car and agent of his codefendant, Ralph Huberman, to recover damages sustained as a result of negligence. No affidavit of defense was filed by defendant Ralph Huberman, and after the time for the filing of an affidavit of defense had elapsed Huberman caused a sci. fa. to be issued to join Fogel's Garage, Inc., as an additional defendant, the sci. fa. averring that Ephraim Kirkpatrick was not the agent of Ralph Huberman, but the agent of the additional defendant, Fogel's Garage, Inc., the latter of whom is allegedly alone liable for any recovery which may be had in the suit. While numerous reasons are alleged in support of this motion to quash the sci. fa., the additional defendant only argues that defendant, Ralph Huberman, having failed to file an affidavit of defense, has admitted ownership of the automobile and the agency of Ephraim Kirkpatrick and cannot now seek to deny such admissions and shift the responsibility to the additional defendant.

We are of the opinion that the motion to quash the sci. fa. must be sustained. Section 13 of the Practice Act of May 14, 1915, P. L. 483, 12 PS §§412 and 387, provides that the agency of the person by whom the act was committed, and the ownership of the vehicle, shall be taken to be admitted if not denied in accordance with the provisions of section 6. Section 6 provides that any averment in the statement of claim not denied is taken to be admitted. In Amram's Pennsylvania Practice Act of 1915 (1925) 173, the rule is stated as follows:

"In trespass, if the defendant fails to exercise his right to file an affidavit of defense in trespass he has admitted certain facts pleaded by the plaintiff and waived a right to disprove them at the trial. He has established a certain status by admitting a certain fact, and he should not be permitted to disturb that status and to reacquire rights for himself which by his waiver he has given up."

As stated in Amram's Pennsylvania Practice (1930) 63:

"If these averments are not denied they are taken to be admitted and cannot be contradicted by the defendant at the trial."

In accord with this statement are Gross v. Dickinson, 4 D. & C. 505, and Brown v. Winelander, 73 Pa. Superior Ct. 197, wherein it is stated:

"If the driver of the car was not engaged on the defendant's business at the time of the accident, but was using the car for his own private purposes, then he was not the defendant's agent or employee with respect to that transaction and it was the defendant's duty to raise the issue in his answer. That he did not do so, and likewise failed to raise it at the trial, leads to the conclusion that his employment in and about the defendant's business at the time of the accident was not questioned and was subsequently raised as an afterthought."

The effect of defendant Huberman's pleadings is that he had admitted to plaintiff that Kirkpatrick was his agent in the operation of the automobile at the time of the accident and has contradicted that admission in his sci. fa., wherein it is alleged that Kirkpatrick was the additional defendant's agent at the time of the accident. To allow such pleading would result in rendering the trial of such a case a farce, for the jury would necessarily have to be instructed that Kirkpatrick was Huberman's agent at the time of the accident with regard to plaintiff, and an instruction would follow immediately that they must determine whether Kirkpatrick was Huberman's agent or that of Fogel's Garage, Inc. "Nothing is better settled

than that a defendant may set up any number of grounds of defense, which are not inconsistent": Yocum v. Morice, 4 Phila. 106.

As stated in 49 C. J. 124:

"It follows that a party cannot subsequently take a position contradictory of, or inconsistent with, his pleadings, and that the facts which are admitted by the pleadings are to be taken as true for the purpose of the action."

The same conclusion is found in Allegro v. Rural Valley Mutual Fire Ins. Co., 268 Pa. 333, wherein it is stated:

"In view of the admission in the affidavit of defense that the defendant insured plaintiff's property, as set forth in the statement of claim, it was not competent for defendant to offer evidence of an alleged parol agreement that the policies should only become effective if the plaintiff had no other insurance."

Huberman permitted the time for the filing of the affidavit of defense to elapse without denying the agency of Kirkpatrick, and the admission that necessarily followed was uncontradicted by him until the issuance of the writ of sci. fa. It would result in the greatest confusion if we were to permit a pleading now to be filed of record contradicting Huberman's admission of agency without first having corrected his original admission. See Tigoni v. The Baltimore & Ohio R. R. Co., 116 Pa. Superior Ct. 117, 122. The situation now before us is somewhat analogous to that which arose in Bowers v. Gladstein et al., 317 Pa. 520, wherein it was held that if the writ of sci. fa. avers both a sole liability over to the original defendant for the entire recovery of plaintiff against him, and a joint and several liability with the original defendant, the writ is bad for duplicity and must be quashed.

And now, to wit, May 6, 1936, the rule to quash the writ of sci. fa. is made absolute.