Mowad *v.* Automobile Underwriters, Inc., Appellant.

Argued September 29, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*A. A. Vosburg,* with him *A. Floyd Vosburg,* of *Vosburg & Vosburg,* for appellant.

*Ernest D. Preate,* with him *R. L. Levy, Carlon O'Malley* and *Henry Nogi,* for appellee.

Opinion by Keller, P. J., October 27, 1937:

The defendant insurance company has appealed from the order of the court below discharging its rule for judgment against the plaintiff for want of a sufficient reply to the new matter set up in defendant's affidavit of defense. The action is assumpsit on a 'valued' policy of fire insurance covering plaintiff's motor truck, which was totally destroyed by fire on February 13, 1935.

The argument in this court was largely directed to the proposition that the defendant was entitled to a judgment in its favor because the plaintiff had falsely and fraudulently warranted in his application for insurance that he had purchased the insured truck in the month of June, 1933 and had paid $4,900 for it, and that the truck was fully paid for and not encumbered, whereas in truth and in fact, it was alleged, the truck was purchased by plaintiff on May 3, 1933 under a lease agreement for a total price of $2,000, of which $500 was paid in cash and the balance of $1,500 was payable in fifteen monthly installments of $100 each. This, if proved on the trial of the case, would seem to constitute a good defense to the action, but in the state of the pleadings, it did not warrant the entry of a summary judgment in favor of the defendant, for want of a sufficient reply to the new matter set up in the affidavit

of defense; for the new matter in the affidavit of defense made no reference to the alleged false and fraudulent warranties in the application for insurance. These were averred by way of defense to the plaintiff's claim in the affidavit of defense proper, and not under the heading of 'New Matter' which supplemented it. The Practice Act of 1915, as amended by the Act of April 22, 1929, P. L. 627, makes no provision for a plaintiff's reply to the defendant's affidavit of defense, except as respects the averments contained under the heading 'New Matter', (or set-off or counterclaim), following the averments in the affidavit of defense by way of answer to the plaintiff's statement of claim; and the rule for judgment for want of a sufficient reply to the new matter contained in the affidavit of defense is confined and limited to the averments set up under the heading, 'New Matter'. Hence summary judgment cannot be entered against the plaintiff for failure to make a sufficient reply or denial to matters of defense averred in the affidavit of defense but not averred by way of 'New Matter'. See sections 14, 15, 16 and 17 of the Practice Act, as amended by Act of April 22, 1929, P. L. 627.

The new matter contained in the affidavit of defense was confined to averments, (1) that the plaintiff after the fire, on February 19, 1935, in connection with his proofs of loss, had made false and fraudulent representations, with intent to mislead or deceive the defendant, to wit, that he had paid $2,500 for the truck, of which $1,000 had been paid in cash and $1,500 was carried on mortgage, and that he had paid $700 for a body for said truck, whereas he had actually paid for the truck only $2,000 as above set forth, and the body had cost only $641; and (2) "that the *defendant* [*sic*] by himself, his agents, servants or employees did unlawfully, wickedly and fraudulently contrive and conspire to burn said truck in order that the insurance under the policy of insurance might be collected." Plaintiff, in

his reply, (1) denied that he, or any agent, servant, or employee of his did at any time contrive or conspire to burn the truck in order to collect the insurance, and averred that while being driven through the Borough of Mt. Pocono, on February 13, 1935 the truck was discovered to be on fire, and that he had no knowledge as to the cause of the fire; and (2) he denied that he had made any false and fraudulent representations in his statement of February 19, 1935, or had made any statements with the intent to mislead or deceive the defendant as averred in said new matter; he denied that he had told the defendant's agent that he had paid $1,000 cash for the truck and averred that he had told him that he had paid $500 cash; he admitted that the body had cost $641 but averred that the difference of $59 was not material and had not been fraudulently misstated; he averred that the statement as to a mortgage of $1,500 on the car, instead of an encumbrance to that amount by notes, was a mistake which was not fraudulently made and could not have misled the defendant, who knew that the law of this State made no provision for a mortgage on automobiles.

In view of the fact that false swearing by the insured, after the fire, *in making proofs of loss,* in order to defeat his claim, must be shown by the insurance company to have been done wilfully and knowingly and with intent to cheat and defraud the company (*Allegro v. Rural Valley Mut. Fire Ins. Co.,* 268 Pa. 333, 337, 112 A. 140; *Williams & Manning v. Southern Mut. Ins. Co.,* 108 Pa. Superior Ct. 148, 156, 164 A. 128), we agree with the learned court below that the 'new matter' averred in the affidavit of defense and plaintiff's reply to it did not sufficiently establish the fraudulent character of plaintiff's representations in his proofs of loss and his intent to cheat and defraud the defendant thereby, to justify the entry of a summary judgment against him.

The order is affirmed, with a procedendo.